## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) |
| 1818 N Street, N.W. | ) |
| Suite 410 | ) |
| Washington, DC 20036, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DEPARTMENT OF JUSTICE** | ) |
| 950 Pennsylvania Avenue, N.W. | ) |
| Washington DC 20530, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief.  Plaintiff seeks the expedited processing and release of records requested from Defendant Department of Justice and its component, National Security Division. The requested records concern significant opinions and orders of the federal courts concerning national security surveillance law and the Constitution, as well as other associated documents.

2.      The requested records concern an "actual or alleged [f]ederal [g]overnment activity" about which there is an "urgency to inform the public," and the requests were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(I), (v)(II); 28 C.F.R. § 16.5(d)(1)(ii). The requested records also involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(d)(1)(iv).

## JURISDICTION AND VENUE

3.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.     Plaintiff Electronic Frontier Foundation (EFF) is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, D.C.  EFF is a member-supported organization working to inform policymakers and the general public about civil liberties issues related to technology and to act as a defender of those liberties.  In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

5.     Defendant Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The National Security Division (NSD) is a component of Defendant DOJ.

## FACTUAL ALLEGATIONS

6.     Since June 2013, the country has engaged in the most substantial public debate on national security surveillance since the 1970s and the proceedings of the Church Committee.

7.     That debate continues to today, with multiple bills pending in both houses of Congress concerning national security surveillance reform.

8.     In an effort to inform the public and to provide information for that debate, Plaintiff Electronic Frontier Foundation has requested, through FOIA, that certain specific opinions and orders of the Foreign Intelligence Surveillance Court ("FISC") be made public.

9.     For example, on August 21, 2013, the Department of Justice released to EFF a redacted version of a memorandum opinion of the FISC, dated October 3, 2011 ("October 3 Opinion").

10.     The October 3 Opinion is the subject of a FOIA lawsuit currently pending before

this Court. *See EFF v. Dep't of Justice*, 12-1441 (ABJ) (filed Aug. 30, 2012).

11.     Despite the publication of the October 3 Opinion, many significant opinions of the FISC remain secret.

12.     The October 3 Opinion references a number of opinions and orders of the FISC which have not yet been made available to the public.

13.     In addition, a March 11, 2014 article in the New York Times described other, still-secret FISC opinions. *See* Charlie Savage and Laura Poitras, *How A Court Secretly Evolved, Extending U.S. Spies' Reach*, N.Y. Times (Mar. 11, 2014).

14.     This lawsuit seeks public access to those, and other, still-secret and significant surveillance decisions issued by the FISC, the Foreign Intelligence Surveillance Court of Review ("FISCR"), and the United States Supreme Court.

## Plaintiff's FOIA Requests and Requests for Expedited Processing

15.     By letter dated August 23, 2012[1] ("Cardozo Request"), Plaintiff submitted a FOIA request for certain FISC opinions and orders referenced within the October 3 Opinion.

16.     By separate letter dated October 31, 2013 ("First Rumold Request"), Plaintiff submitted a FOIA request for certain specific and significant FISC opinions, orders, and related documents.

17.     By separate letter dated February 24, 2014 ("Second Rumold Request"), Plaintiff submitted a FOIA request for any non-public opinions, orders, and related filings of the FISCR and any opinion, order, or related filing of the United States Supreme Court in an appeal taken from the FISCR.

18.     By separate letter dated March 14, 2014 ("Third Rumold Request"), Plaintiff submitted a FOIA request for certain specific FISC opinions, orders, and related filings described in the March 11, 2014 New York Times article, as described above. At least one of those opinions was referenced within the October 3 Opinion.

---

[1] The letter was inadvertently dated 2012; however, it was submitted on August 23, 2013.

19.    In each of its requests, Plaintiff also formally sought the expedited processing of its requests because they pertain to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and the requests were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(I), (v)(II); 28 C.F.R. § 16.5(d)(1)(ii). Plaintiff also requested expedited processing because the requests involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(d)(1)(iv).

20.    Plaintiff also requested a waiver of all fees associated with the processing and release of the requested records.

21.    By email on September 3, 2013, NSD acknowledged receipt of the Cardozo Request. NSD granted the request for expedited processing sought by the Cardozo Request.

22.    By letter dated November 29, 2013, NSD acknowledged receipt of the First Rumold Request. By letter dated December 11, 2013, NSD granted the request for expedited processing sought by the First Rumold Request.

23.    By email on February 26, 2014, NSD acknowledged receipt of the Second Rumold Request. By letter dated April 3, 2014, NSD granted the request for expedited processing sought by the Second Rumold Request.

24.    By letter dated March 27, 2014, NSD acknowledged receipt of the Third Rumold Request. By letter dated April 10, 2014, NSD granted the request for expedited processing sought by the Third Rumold Request.

25.    To date, and despite granting each of Plaintiff's requests for expedited processing, NSD has not yet released a single document responsive to these FOIA requests.

26.    Not only has Defendant failed to expedite the processing of Plaintiff's requests, it has also exceeded the generally applicable twenty-day deadline for the processing of any FOIA request.

27.    Plaintiff has exhausted the applicable administrative remedies with respect to all

of its FOIA requests referenced herein.

28.     Defendant has wrongfully withheld the requested records from Plaintiff.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Failure to Expedite Processing**

29.     Plaintiff repeats and realleges paragraphs 1-28.

30.     Defendant has violated the FOIA by failing to expedite the processing of Plaintiff's FOIA requests.

31.     Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's failure to expedite the processing of Plaintiff's requests.

32.     Plaintiff is entitled to injunctive relief with respect to the expedited processing of the requested agency records.

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

33.     Plaintiff repeats and realleges paragraphs 1-28.

34.     Defendant has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

35.     Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

36.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.      order Defendant and its components to process immediately the requested records in their entirety;

2.      order Defendant and its components, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

3.      order Defendant and its components to waive all fees associated with the

processing and release of the requested records;

4.      provide for expeditious proceedings in this action;

5.      award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

6.      grant such other relief as the Court may deem just and proper.

DATED: May 1, 2014          Respectfully submitted,

By: _____

DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
1818 N Street, N.W.
Suite 410
Washington, D.C. 20036
(202) 246-6180

NATE CARDOZO
(admitted in California)
JENNIFER LYNCH
(admitted in California)
MARK RUMOLD
(admitted in California)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, California 94109
(415) 436-9333

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION