UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ELECTRONIC FRONTIER                     )
FOUNDATION,                             )
                                        )
      Plaintiff,                        )
                                        )
          v.                            )    Civil Action No. 14-760-RMC
                                        )
                                        )
DEPARTMENT OF JUSTICE,                  )
                                        )
      Defendant.                        )
                                        )
_____)

**DEFENDANT'S REPLY AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Although Plaintiff Electronic Frontier Foundation ("Plaintiff") has abandoned most of its challenges to the government's withholding of information responsive to four separate Freedom of Information Act ("FOIA") requests, Plaintiff continues to press an insubstantial challenge to the government's withholding of the Foreign Intelligence Surveillance Court ("FISC") opinion whose identity Plaintiff unsuccessfully sought in an earlier FOIA action between the parties here. Specifically, Plaintiff challenged in *EFF v. DOJ*, Case No. 12-1441, the government's withholding pursuant to FOIA exemptions (b)(1) and (b)(3) of the citation for the FISC opinion that "conclud[ed] that Section 1809(a)(2) precluded the Court from approving the government's proposed use of, among other things, certain data acquired by NSA without statutory authority through its 'upstream collection'" (hereinafter "Section 1809(a)(2) Opinion"). 2011 WL 10945618, at *6 n.15 (FISC Oct. 3, 2011). Without reaching the government's (b)(3) arguments, the

1

court upheld the withholding of that "information identifying prior applications and opinions" pursuant to (b)(1). *EFF v. DOJ*, 57 F. Supp. 3d 54, 61 (D.D.C. 2014). Here again, Plaintiff seeks identification of the Section 1809(a)(2) Opinion but this time, through its production. Such production would identify the prior FISC opinion that a court already has held the government need not do. *See id.* Therefore, Plaintiff should be estopped from this attempted end run around that holding.

The Court alternatively should uphold the government's withholding here pursuant to exemptions (b)(1) and (b)(3). Plaintiff proffers nothing but speculation that the withholding is for improper purposes. Speculation is insufficient to overcome the government's demonstration that the challenged withholding is proper under both asserted exemptions. That demonstration is bolstered by the Classified Supplemental Declaration of David J. Sherman submitted herewith *ex parte* and *in camera*. Because the unclassified and classified declarations submitted in support of the challenged withholding are more than sufficient, the Court need not entertain Plaintiff's request for *in camera* review of the Section 1809(a)(2) Opinion. The Court accordingly should grant the government's motion, deny Plaintiff's cross-motion, and enter judgment in favor of the Department of Justice.

## ARGUMENT

**I.  PLAINTIFF SHOULD BE ESTOPPED FROM ATTEMPTING TO IDENTIFY THE SECTION 1809(a)(2) OPINION WHOSE CITATION PLAINTIFF UNSUCCESSFULLY SOUGHT IN *EFF v. DOJ*.**

As the Department demonstrated in its opening brief, the doctrine of collateral estoppel precludes Plaintiff's second attempt here to identify the source of the conclusion that "Section 1809(a)(2) precluded the Court from approving the government's proposed use of, among other things, certain data acquired by NSA without statutory authority

through its 'upstream collection.'" 2011 WL 10945618, at *6 n.15 ("October 2011 FISC Opinion"). Plaintiff's Opposition gives short shrift to the collateral estoppel analysis, contending that "EFF would only be precluded from arguing for disclosure of the docketing information previously addressed by Judge Jackson." Mem. in Partial Opp'n to Def.'s Mot. for Summ. J. & in Supp. of Pl.'s Cross-Mot. for Partial Summ. J. ("Pl.'s Opp'n") 13, June 1, 2015, ECF No. 17.

As Judge Jackson recognized, however, the withheld docketing information "identif[ied] prior applications and opinions." *EFF v. DOJ*, 57 F. Supp. 3d at 61. Thus, Plaintiff's request here for production of the prior opinion itself is a distinction without a difference for purposes of issue preclusion. *See McLaughlin v. Bradlee*, 803 F.2d 1197, 1203 (D.C. Cir. 1986) (concluding that issue preclusion is appropriate "even if [issues] are not precisely the same, [when ] the basic issue in both [proceedings] is the same'"). The three elements of collateral estoppel are satisfied as to the issue of Plaintiff's entitlement under FOIA to identification of the source of the parenthetical concerning Section 1809(a)(2) in the October 2011 FISC Opinion. *See* Mem. of Pts. & Auths. in Supp. of Dep't of Justice's Mot. for Summ. J. ("Gov't Br.") 10-12, May 1, 2015, ECF No. 15-1. The Court therefore should preclude Plaintiff from again challenging the government's withholding of that source.

II.   **THE COURT SHOULD UPHOLD THE WITHHOLDING OF THE SECTION 1809(a)(2) OPINION UNDER EXEMPTIONS (B)(1) AND (B)(3).**

Plaintiff seeks to overcome the government's demonstration that the challenged withholding is proper under exemptions (b)(1) and (b)(3) with unsubstantiated speculation. *See, e.g.,* Pl.'s Opp'n at 9 (asserting that "no purpose is served by allowing the agency to withhold the FISC's legal analysis that contributed to its conclusion 'that

Section 1809(a)(2) precluded the Court from approving the government's proposed use of, among other things, certain data acquired by NSA'"); *id.* at 11 (speculating that "it is quite conceivable that at least some of the information withheld under Exemption 1 has been improperly classified"); *id.* at 16 (asserting that "[g]iven DOJ's repeated failure to segregate and release readily segregable information from FISC opinions in the past, it is likely the agency has done the same here."). It is well established, however, that such speculation is insufficient to overcome the agency declarations, both unclassified and classified, submitted in support of the government's withholding of the Section 1809(a)(2) Opinion. *See Mack v. Department of Navy*, 259 F. Supp. 2d 99, 105 (D.D.C. 2003) (noting that agency declarations "enjoy a presumption of good faith, which may not be rebutted by purely speculative claims").

That is especially true in cases implicating, as here, national security concerns. *See Shapiro v. United States Dep't of Justice*, 37 F. Supp. 3d 7, 24 (D.D.C. 2014) (noting that "the D.C. Circuit has underscored the deferential nature of judicial review in FOIA cases involving matters of national security"). Courts in such cases "have consistently deferred to executive affidavits predicting harm to the national security, and have found it unwise to undertake searching judicial review." *Center for Nat'l Sec. Studies v. United States Dep't of Justice*, 331 F.3d 918, 927 (D.C. Cir. 2003); *ACLU v. United States Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011) (noting that courts "must accord substantial weight to an agency's affidavit concerning the details of the classified status of [a] disputed record" because they "'lack the expertise necessary to second-guess such agency opinions in the typical national security FOIA case'"). Thus, Plaintiff has done nothing to rebut the government's entitlement to judgment as a matter of law based on the

Declaration of David J. Sherman and the Classified Supplemental Declaration of David J. Sherman, submitted *ex parte* and *in camera*. *See* Declaration of David J. Sherman ("Sherman Decl.") ¶¶ 46-49, May 1, 2015, ECF No. 15-4; *see also* Classified Supplemental Declaration of David J. Sherman ("Classified Sherman Decl.") ¶¶ 7-12.

> **A.  Exemptions (B)(1) and (B)(3) Protect Any Further Disclosure of the Withheld Document to Plaintiff.**

Plaintiff erroneously contends that the government's prior disclosure of information about the Section 1809(a)(2) Opinion precludes its withholding in full here. *See* Pl.'s Opp'n at 8 (asserting that "DOJ cannot continue to withhold the Section 1809 Opinion in full because it has already officially acknowledged and described the content of the Opinion"). "Prior disclosure of similar information does not suffice; instead, the *specific* information sought by the plaintiff must already be in the public domain by official disclosure. This insistence on exactitude recognizes the Government's vital interest in information relating to national security and foreign affairs." *ACLU v. DOD*, 628 F.3d at 621 (quoting *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007)). It is undisputed that the government has not identified the source of the Section 1809(a)(2) conclusion whose citation was sought in *EFF v. DOJ* and whose production is sought now. *See EFF v. DOJ*, 57 F. Supp. 3d at 61; Pl.'s Opp'n at 8. Plaintiff's speculation that, "[g]iven the prior disclosure of the subject of the Opinion, no harm will flow from further disclosures – such as the court's legal analysis of the subject," (*id.*), is unavailing. *See New York Times Co. v. United States Dep't of Justice*, 915 F. Supp. 2d 508, 535 (S.D.N.Y. 2013) (observing that "[s]everal cases support the proposition that legal analysis can be withheld as classified pursuant to Exemption 1" and thus "see[ing] no reason why legal analysis cannot be classified pursuant to E.O. 13526 if it pertains to

5

matters that are themselves classified"), *aff'd in part and rev'd in part*, 756 F.3d 100 (2d Cir. 2014).

As explained in the Sherman Declaration, "[w]hile certain information regarding NSA's 'Upstream' collection capability has been declassified and publicly disclosed, certain other information regarding the capability remains currently and properly classified." Sherman Decl. ¶ 47.  The withheld information "would reveal specific details regarding the application and implementation of the 'Upstream' collection capability that have not been publicly disclosed." *Id.*  Further support for that withholding is provided in the Classified Supplemental Sherman Declaration.  *See* Classified Sherman Decl. ¶¶ 7-12.  Because Plaintiff's speculation cannot rebut such evidence, the Court should hold that the prior disclosure Plaintiff identifies does not preclude the applicability of exemptions (b)(1) and (b)(3).

  **B.**  **Plaintiff Has Proffered No Evidence That the Government's Withholding Is Motivated by an Intent to "Conceal Violations of the Law" or for Other Improper Purposes.**

Plaintiff invites the Court to infer from the parenthetical information associated with the Section 1809(a)(2) Opinion that "it is quite conceivable that at least some of the information withheld under Exemption 1 has been improperly classified."  Pl.'s Opp'n at 11; *see also id.* at 10-11 (noting that Executive Order 13526 does not authorize the classification of information "to 'conceal violations of the law;' to 'prevent embarrassment;' 'restrain competition;' or to 'prevent or delay the release of information that does not require protection'").  The Court should reject that invitation, however, because "Plaintiff has offered little more than conjecture in support of [that] theory." *Canning v. United States Dep't of Justice*, 848 F. Supp. 1037, 1048 (D.D.C. 1994) (concluding, on that basis, that there was "no credible evidence that the [agency] has

6

improperly withheld information in violation of E.O. 12356"). In contrast, the government has submitted an unrebutted declaration that explains that the withheld information "is currently and properly classified as TOP SECRET and falls within Sections 1.4(c), 1.4(d), and 1.4(g) of E.O. 13526." Sherman Decl. ¶ 47; *see also* Classified Sherman Decl. ¶¶ 7-12. Thus, the government's invocation of exemption (b)(1) should be upheld against Plaintiff's unsubstantiated claim of improper classification.

      The same is true of the government's invocation of exemption (b)(3). Here again, Plaintiff alleges based on the parenthetical information associated with the Section 1809(a)(2) Opinion that exemption (b)(3) is inapplicable, because "[t]he practices described within the Section 1809 Opinion [] are plainly not 'authorized by statute and not otherwise unlawful.'" Pl.'s Opp'n at 12 (quoting *Hayden v. National Sec. Agency*, 608 F.2d 1381, 1389 (D.C. Cir. 1979)). Since *Hayden*, however, courts have recognized that "[a]s long as the withheld information pertains to methods of collection that the agency used to perform its 'statutory duties with respect to foreign intelligence,' it is irrelevant whether the actual techniques were authorized." *ACLU v. CIA*, 892 F. Supp. 2d 234, 243 (D.D.C. 2012) (relying on *CIA v. Sims*, 471 U.S. 159, 169-70 (1985)); *see also ACLU v. DOD*, 628 F.3d at 622 (concluding that "[t]o the extent that the ACLU's claim rests on the ACLU's belief that the enhanced interrogation techniques were illegal, there is no legal support for the conclusion that illegal activities cannot produce classified documents"). In any event, Plaintiff's conjecture cannot overcome the government's evidence that the withheld information is protected from disclosure under exemption (b)(3) because it "describes a core function and activity of NSA – the SIGINT mission,"

"describes the methods by which NSA accomplishes its SIGINT mission," and "pertains to the technical methods by which NSA collects certain types of communications intelligence," and thus is squarely within the protection of Section 6 of the NSA Act, Section 102A(i)(1) of the National Security Act, and 18 U.S.C. § 798, respectively. Sherman Decl. ¶ 48; *see also* Classified Sherman Decl. ¶ 13.  Accordingly, the Court should uphold the government's withholding under exemption (b)(3).

      C.    **The Government Complied With FOIA's Segregability Requirement.**

Notwithstanding the surgical precision of the government's redactions in this case, (*see, e.g.,* Gov't Br. at 6-7 nn. 4-12 & 36) – and, in the face of them, Plaintiff's subsequent abandonment of most of its challenges, Plaintiff contends that the Court should infer from the government's conduct in cases *other than this one*, that FOIA's segregability requirement was not met here.  *See* Pl.'s Opp'n at 13-16.  Specifically, Plaintiff contends that "[t]his is not the first instance in which DOJ has broadly asserted FOIA's exemptions to prevent public disclosure of unflattering information contained within FISC opinions," e.g., "*EFF v. Dep't of Justice*, 11-5221-YGR (N.D. Cal.) and *EFF v. Dep't of Justice*, 12-1441-ABJ (D.D.C.)."  Pl.'s Opp'n at 14.  That erroneous contention is belied by the court's conclusion in *EFF v. DOJ* that, "[n]one of these redactions, nor any of the other redactions, operate to withhold material that would show any violation of law, inefficiency, or administrative error.  Indeed, material in the opinion that is critical of the government's conduct has been declassified and made public."[1] *EFF v. DOJ*, 57 F. Supp. 3d at 61; *see also id.* at 58 (denying Plaintiff's motion for

---

[1] Although Plaintiff erroneously contends that its lawsuit "secured the release of the opinions," (Pl.'s Opp'n at 15), Judge Jackson in *EFF v. DOJ* properly attributed the declassification decisions as "[i]n response" to the leaks to "media outlets" in June 2013 "of classified documents relat[ed] to the U.S. government's intelligence surveillance programs."  *EFF v. DOJ*, 57 F. Supp. 3d at 57; *see also id.* at 55 (noting that "[b]y the time the Court got involved in this matter, the legal opinion in question had been almost entirely released to the public").

summary judgment arguing, as here, that the government's "redactions still appear calculated not to protect legitimate national security interests, but to shield government agencies and officials from embarrassment and to prevent further public scrutiny of controversial government surveillance practices").

In any event, "[w]ith the segregability analysis, as with the exemption analyses, the Court affords government affidavits a rebuttable presumption of good faith, and may rely on those affidavits so long as they show 'with reasonable specificity' why withheld information cannot be further segregated." *ACLU v. CIA*, 892 F. Supp. 2d at 250 (citation omitted). The Sherman Declaration and Classified Supplemental Sherman Declaration make that showing. *See* Sherman Decl. ¶ 51; *see also* Classified Sherman Decl. ¶¶ 7-12. As Dr. Sherman explained, "any information in that document is classified in the context of this case because it can reasonably be expected to reveal classified national security information concerning particular intelligence methods, given the nature of the document and the information that has already been released." Sherman Decl. ¶ 52. "In these circumstances, the disclosure of even seemingly mundane portions of this FISC opinion would reveal particular instances in which the 'Upstream' collection program was used and could reasonably be expected to encourage sophisticated adversaries to adopt countermeasures that may deprive the United States of critical intelligence." *Id.*; *see also Larson v. Department of State*, 565 F.3d 857, 864 (D.C. Cir. 2009) (noting that "[m]inor details of intelligence information may reveal more information than their apparent insignificance suggests because much like a piece of jigsaw puzzle, each detail may aid in piecing together other bits of information even when the individual piece is not of obvious importance itself" (internal quotations and

citations omitted)). The Court should defer to the agency's judgment here and uphold the government's withholding against Plaintiff's segregability challenge.

### III.   THE DEPARTMENT IS ENTITLED TO SUMMARY JUDGMENT BASED SOLELY ON THE SUBMITTED DECLARATIONS.

Plaintiff urges the Court to conduct an *in camera* review here based on pleas such as the case "involve[s] a strong public interest in disclosure," "[t]he Opinion concerns a topic of intense public scrutiny," "the agency affidavits are insufficiently detailed," and "only a single document is at issue." Pl.'s Opp'n at 17-18. In this Circuit, however, *in camera* review is the method of "last resort" for deciding summary judgment motions in FOIA cases. *Hayden*, 608 F.2d at 1387. Where, as here, an "agency meets its burden by means of affidavits, *[i]n camera* review is neither necessary nor appropriate." *Id.* (explaining that "[i]f the affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith, then summary judgment is appropriate *without [i]n camera review of the documents*" (emphasis added)); *see also Weissman v. CIA*, 565 F.2d 692, 698 (D.C. Cir. 1977) (noting that "it is unnecessary and often unwise for a court to undertake such an examination"). Thus, *in camera* review should not be "resorted to as a matter of course, simply on the theory that 'it can't hurt.'" *Quinon v. FBI*, 86 F.3d 1222, 1228 (D.C. Cir. 1996); *see also Weissman*, 565 F.2d at 697 (noting that "[t]his is clearly not what congress intended, nor what this Court has found to be necessary"). The unclassified and classified Sherman Declarations clearly establish that the government's assertions of (b)(1) and (b)(3) are well taken. Accordingly, the Court can, and should, enter judgment in favor of the government on that basis.

**CONCLUSION**

For the foregoing reasons and those explained in the government's opening brief, the government respectfully requests that the Court grant its Motion for Summary Judgment, deny Plaintiff's Motion for Partial Summary Judgment, and enter judgment in favor of the Department of Justice.

Dated:  July 1, 2015         Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division

/s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD (D.C. Bar 459548)
Assistant Branch Director
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C.  20530
Telephone:  (202) 514-3418
Fax:  (202) 616-8470
E-mail: Jacqueline.Snead@usdoj.gov

**Counsel for the Department of Justice**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ELECTRONIC FRONTIER                 )
FOUNDATION,                         )
                                    )
        Plaintiff,                  )
                                    )
            v.                      )     Civil Action No. 14-760-RMC
                                    )
                                    )
DEPARTMENT OF JUSTICE,              )
                                    )
        Defendant.                  )
                                    )
_____)

**PROPOSED ORDER**

Upon consideration of Plaintiff's Motion for Partial Summary Judgment, the opposition thereto, and the complete record in the case, it is hereby

ORDERED that the Plaintiff's motion is DENIED.  Judgment is entered in favor of the Department of Justice.

SO ORDERED.

Date: _____            _____
                                    United States District Court Judge