UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ELECTRONIC FRONTIER                 )
FOUNDATION,                         )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )       Civil Action No. 14-760-RMC
                                    )
                                    )
DEPARTMENT OF JUSTICE,              )
                                    )
    Defendant.                      )
                                    )
_____)

**NOTICE REGARDING *EX PARTE* SUBMISSION OF CLASSIFIED SUPPLEMENTAL DECLARATION OF DAVID J. SHERMAN**

PLEASE TAKE NOTICE that on July 1, 2015, the government lodged with the Classified Information Security Officer for *ex parte* submission to and *in camera* review by the Court the Classified Supplemental Declaration of David J. Sherman. The unclassified, redacted, public version of that document is filed herewith.

Dated: July 1, 2015        Respectfully submitted,

                                BENJAMIN C. MIZER
                                Principal Deputy Assistant Attorney General

                                ELIZABETH J. SHAPIRO
                                Deputy Branch Director
                                Civil Division

                                /s/ Jacqueline Coleman Snead
                                JACQUELINE COLEMAN SNEAD (D.C. Bar 459548)
                                Assistant Branch Director
                                United States Department of Justice
                                Civil Division, Federal Programs Branch
                                20 Massachusetts Ave, NW

Washington, D.C. 20530
Telephone: (202) 514-3418
Fax: (202) 616-8470
E-mail: Jacqueline.Snead@usdoj.gov

**Counsel for the Department of Justice**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) |
| Plaintiff, | ) ) Case No. 14-760-RMC ) |
| v. | ) **Filed *Ex Parte, In Camera*** ) |
| DEPARTMENT OF JUSTICE, | ) ) |
| Defendant. | ) ) ) |

## (U) CLASSIFIED SUPPLEMENTAL DECLARATION OF DAVID J. SHERMAN

(U) I, DAVID J. SHERMAN, hereby declare and state:

1. (U) I am the Associate Director for Policy and Records at the National Security Agency ("NSA" or "Agency"). My background and credentials are set forth in paragraphs 1-3 of my 30 April 2015 declaration submitted in support of the government's Motion for Summary Judgment in this proceeding.

2. (U) I submit this classified, *ex parte* and *in camera* declaration in further support of that motion and in response to Plaintiff's Cross-Motion for Summary Judgment to more fully explain why the government is entitled to withhold the "Section 1809 Opinion" in full.

### (U) CLASSIFICATION OF DECLARATION

3. (U) This declaration is classified TOP SECRET//SI//NOFORN pursuant to the standards in E.O. 13526. Under E.O. 13526, information is classified "TOP SECRET" if the unauthorized disclosure of the information could reasonably be expected

to cause exceptionally grave damage to the national security, "SECRET" if the unauthorized disclosure of the information reasonably could be expected to cause serious damage to the national security, and "CONFIDENTIAL" if the unauthorized disclosure of the information reasonably could be expected to cause identifiable damage to the national security. At the beginning of each paragraph of this declaration, the letter or letters in parentheses designate(s) the degree of sensitivity of the information the paragraph contains. When used for this purpose, letters "U," "C," "S," and "TS" indicate respectively that the information is either UNCLASSIFIED, or is classified CONFIDENTIAL, SECRET, or TOP SECRET.

4. (U) Additionally, this declaration contains Sensitive Compartmented Information ("SCI"), which is "information that not only is classified for national security reasons as TOP SECRET, SECRET, or CONFIDENTIAL, but also is subject to special access and handling requirements because it involves or derives from particularly sensitive intelligence sources and methods." 28 C.F.R. § 17.18(a); *see generally* Intelligence Community Directive 703, effective 21 June 2013. Because of the exceptional sensitivity and vulnerability of such information, these special safeguards and access requirements exceed the access standards that are normally required for information of the same classification level. Specifically, this declaration references special intelligence ("SI"), also referred to as communications intelligence ("COMINT"), which is a subcategory of SCI. SI identifies SCI that was derived from "the monitoring of foreign communications signals by other than the intended recipients" and related "activities, capabilities, techniques, process and procedures." Intelligence Community Markings System, Register and Manual, effective 30 December 2014.

5.  (U) Finally, in addition to the fact that classified information contained herein may not be revealed to any person without authorization pursuant to E.O. 13526, this declaration contains intelligence information that may not be released to foreign governments, foreign nationals, or non-U.S. citizens without permission of the originator and in accordance with policy set by the Director of National Intelligence ("DNI"). This intelligence information is labeled "NOFORN" ("NF").

## (U) PLAINTIFF'S REQUEST FOR THE SECTION 1809 OPINION

6.  (U) By letter dated August 23, 2012, Plaintiff submitted a FOIA request to NSD seeking the Foreign Intelligence Surveillance Court (FISC) Section 1809(a) opinion "described in footnote 15 of the October 3 Opinion" authored by Judge Bates. As released, the relevant citation in the Bates Opinion reads: "See [REDACTED] (concluding that Section 1809(a)(2) precluded the Court from approving the government's proposed use of, among other things, certain data acquired by NSA without statutory authority through its 'upstream collection')." The government withheld the cited opinion in full under FOIA Exemption 1 because the release of any portion of that document would tend to reveal information that is currently and properly classified at the TOP SECRET level, specifically, an intelligence method, as explained more fully below. Because disclosure of the withheld information would reveal a classified intelligence method, it is considered Sensitive Compartmented Information (SCI). The opinion was also withheld in full under FOIA Exemption 3 because it would reveal an intelligence method and an NSA function or activity in furtherance of its SIGINT mission, as described in greater detail below.

## (U) NSA'S WITHHHOLDING OF THE SECTION 1809 OPINION







---

[1] (U) See E.O. 13526, Section 1.7(e) ("Compilation of items of information that are individually unclassified may be classified if the compiled information reveals an additional association or relationship that: (1) meets the standard for classification under this order, and (2) is not otherwise revealed in the individual items of information."). Cf. CIA v. Sims, 471 U.S. 159, 178 (1985) ("[B]its and pieces of data may aid in piecing together bits of other information even when the individual piece is not of obvious importance in itself. . . . Thus, what may seem trivial to the uninformed, may appear of great moment to one who has a broader view of the scene and may put the questioned item of information in its proper context." (internal quotations and citations omitted))



13.     (U) Similarly, this same information is protected from release under FOIA Exemption 3, as described in paragraph 48 of my unclassified declaration. This information is protected from release by Section 6 of the National Security Agency Act

of 1959, codified at 50 U.S.C. § 3605,[5] because it involves a "function of the [NSA], or . . . information with respect to the activities thereof." Here, the redacted information relates to one of NSA's primary missions, its SIGINT mission, and the functions and activities carried out in furtherance of this mission. In addition, as stated in my unclassified declaration, the NSA further protected this intelligence method based on Section 102A(i)(1) of the National Security Act of 1947, as amended, which states that the Director of National Intelligence "shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 3024(i)(1). Finally, this information is protected from release under 18 U.S.C. § 798, which protects from disclosure information concerning the communications intelligence activities of the United States, or information obtained by communications intelligence processes.

---

[5] (U) This statute states that "[n]othing in this Act or any other law . . . shall be construed to require the disclosure of the organization or any function of the National Security Agency, or any information with respect to the activities thereof . . . ."

## CONCLUSION

(U) I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 30th day of June, 2015, pursuant to 28 U.S.C. § 1746.

*David J. Sherman*
Dr. David J. Sherman
Associate Director for Policy and Records,
National Security Agency