**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. 14-760-RMC |
| | ) | |
| **DEPARTMENT OF JUSTICE**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

As a result of plaintiff's efforts to narrow the scope of this Freedom of Information Act ("FOIA") litigation, only one document remains at issue – an opinion of the Foreign Intelligence Surveillance Court ("FISC") addressing the government's attempt to use data acquired through surveillance that exceeded the National Security Agency's statutory authority.  It is the position of defendant Department of Justice ("DOJ") that disclosure of even a single word of the FISC opinion (the "Section 1809 Opinion" or the "Opinion") would cause "exceptionally grave damage to national security."  Plaintiff Electronic Frontier Foundation ("EFF") submits that FOIA does not allow – and the Court should not countenance – DOJ's attempt to withhold the document *in its entirety* based on nothing more than a wholly conclusory assertion of possible harm.

For the reasons that follow – and those set forth in EFF's opening brief – DOJ's motion for summary judgment with respect to the Section 1809 Opinion should be denied; the Court should order the Opinion produced for its *in camera* inspection; and, after review, the Court should grant EFF's cross-motion for partial summary judgment and order the agency to disclose all material improperly withheld from the Opinion.

**ARGUMENT**

1. <u>**EFF is Not "Estopped" From Seeking Disclosure of the Opinion.**</u>

In its reply brief, DOJ reiterates its contention that EFF is "estopped" from seeking disclosure of the Section 1809 Opinion in this action. The agency bases its argument on the assertion that Judge Jackson, in *EFF v. DOJ*, 57 F. Supp. 3d 54, 61 (D.D.C. 2014), "recognized . . . the withheld docketing information [at issue in that case] 'identif[ied] prior applications and opinions.'" Defendant's Reply and Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment ("Def. Reply") (Dkt. No. 19) at 3. The *full* text from which DOJ quotes is instructive:

> Based on its [*in camera* inspection], the Court finds that none of the remaining redactions appear to be for an improper purpose, such as to shield embarrassing information from the public. The overwhelming majority of the redactions are simply docket information identifying prior applications and opinions by either number or date. None of these redactions, nor any of the other redactions, operate to withhold material that would show any violation of law, inefficiency, or administrative error. Indeed, material in the opinion that is critical of the government's conduct has been declassified and made public.

57 F. Supp. 3d at 61 (footnote and citations omitted).

First, the full quote makes clear that the Court's earlier decision, to the extent relevant here, addressed "simply docket information identifying prior applications and opinions by either number or date" – information not at issue here, as EFF has agreed not to seek the docket number or date of the Section 1809 Opinion. *See* Defendant's Memorandum of Points and Authorities in Support of the Department of Justice's Motion for Summary Judgment ("Def. Mem.") at 6 (describing agreement not to challenge, *inter alia*, "docket numbers") (Dkt. No. 15-1). Further, the Court made clear that the "docket information" was distinct from any substantive content contained in the material it reviewed, and that the redacted information did not "appear to be for an improper purpose, such as to shield embarrassing information from the

public." Indeed, the Court noted that "material in the opinion [it reviewed] that is critical of the government's conduct has been declassified and made public." 57 F. Supp. 3d at 61.

The Court's earlier decision, dealing with a FISC opinion distinct from the one at issue in this case, clearly cannot be construed as an adjudication of the propriety of DOJ's withholding of the Section 1809 Opinion in its entirety. To the extent that the prior decision bears relevance to the current litigation, EFF submits that it demonstrates the value of the Court's *in camera* review of the disputed material to ensure that information has not been withheld "for an improper purpose, such as to shield embarrassing information from the public." *Id.*

### 2. Neither Exemption 1 Nor Exemption 3 Supports the Withholding of the Section 1809 Opinion in its Entirety.

DOJ claims EFF's arguments against withholding under Exemptions 1 and 3 amount only to "unsubstantiated speculation." Def. Reply at 3 (citations omitted). Far from being "unsubstantiated," EFF's arguments flow directly from the circumstances surrounding the Section 1809 Opinion, the substance of which was previously disclosed in the October 3, 2011 FISC opinion written by Judge Bates. *See* [Redacted], 2011 WL 10945618 (FISC Oct. 3, 2011). The agency largely ignores the specific facts present here, and instead seeks to rely upon the argument that it is entitled to virtually unfettered deference.

Although courts have afforded "some measure of deference to the executive" in cases involving national security, *Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, 331 F.3d 918, 926 (D.C. Cir. 2003), "deference is not equivalent to acquiescence." *Int'l Counsel Bureau v. Dep't of Defense*, 723 F. Supp. 2d 54, 63 (D.D.C. 2010). And, "even in Exemption 1 situations, the court is not to be a wet blanket." *Coldiron v. Dep't of Justice*, 310 F. Supp. 2d 44, 53 (D.D.C. 2004). Indeed, Congress explicitly rejected "blind deference" in national security cases, and the Court's

*de novo* review must amount to more than a "judicial spell check." *ACLU v. ODNI*, 2011 WL 5563520, at *6 (S.D.N.Y. Nov. 15, 2011).

Nevertheless, the government invites precisely the type of "judicial spell check" Congress has rejected. Without explanation, DOJ fails to provide even basic information about the Section 1809 Opinion – like the number of pages it contains. Nor does the agency offer any serious explanation for why *nothing* can be released from the withheld Opinion. Without a more specific and tailored explanation for withholding the Opinion in full, the Court owes the agency's withholding decision no deference – and should instead order the Opinion produced for the Court's *in camera* inspection.

      a. <u>Prior Disclosure of the Subject of the 1809 Opinion Requires that *Some* Information Be Released.</u>

DOJ concedes that information discussed in the Section 1809 Opinion has already been publicly disclosed. For example, significant information about the NSA's "Upstream" collection practices has already been publicly disclosed by the government – through public testimony of government officials, disclosure of other FISC opinions, and through public reports issued by oversight bodies. *See, e.g.*, [Redacted] 2011 WL 10945618, *2-6, *9-17 (FISC Oct. 3, 2011); *see also* Privacy and Civil Liberties Oversight Board, *Report on the Surveillance Program Operated Pursuant to Section 702 of the Foreign Intelligence Surveillance Act*, at 35-41 (July 2, 2014) (section titled "Upstream Collection").[1] DOJ also recognizes, as it must, that the subject of the Section 1809 Opinion has already been disclosed. *See* Def. Reply at 1 (recognizing Opinion concerned Section 1809 and "the government's proposed use of . . . certain data acquired by NSA without statutory authority."). Nevertheless, it argues that those disclosures are irrelevant: under the agency's theory, only prior disclosure of the *actual contents* of the Opinion would

---

[1] *Available at* https://www.pclob.gov/library/702-Report.pdf

work to overcome its current withholding claims. But, as the Second Circuit recently held, "absolute identity" between the previously disclosed information and the sought-after information is not required. *New York Times v. Dep't of Justice*, 756 F.3d 100, 120 (2nd Cir. 2014). "Indeed, such a requirement would make little sense. A FOIA requester would have little need for undisclosed information if it had to match precisely information previously disclosed." *Id*.

Substantial information has already been released concerning the surveillance program at issue, and the subject of the Opinion has already been disclosed. Under these circumstances, *no* justification, under any exemption, exists for continuing to withhold the Opinion in its *entirety*, and the Court need not defer to DOJ's challenged decision.

      b. <u>Because the Section 1809 Opinion Involves Illegal Activity, the Court Should Review the Government's Withholdings with Heightened Scrutiny.</u>

As EFF's opening brief showed, because the Section 1809 Opinion involves NSA surveillance conducted "without statutory authority," DOJ's decision to withhold the FISC's *legal analysis* of that surveillance (and applicable statutes) should be viewed with particular skepticism. Memorandum in Partial Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Partial Summary Judgment ("Pl. Mem.") at 10-12 (Dkt. No. 17).

DOJ labels as "conjecture" the possibility that some information has been withheld in order to "conceal violations of law" or to "prevent embarrassment" of a government agency. *See* Def. Reply at 6 (citing E.O. 13526's prohibitions on classification). Yet the agency has broadly asserted its exemption claims over FISC opinions before, in cases strikingly reminiscent of the facts here. *See* Pl. Mem. at 14-16. Accordingly, EFF's claims are not conjecture: they are a reasonable inference based on the facts of this case and others like it. EFF has, from the outset,

5

acknowledged that *some* material within the Opinion is likely properly classified or otherwise exempt. Yet it is DOJ's decision to withhold the Opinion, in its entirety, that supports the inference of improper classification. Given the confirmed subject of the Opinion (illegal government surveillance), the broad brush with which DOJ has painted its exemption claims, the government's refusal to provide EFF with *any* additional information about the withheld Opinion, and similar government withholding claims in previous cases, it is entirely plausible that the agency has withheld more information than the law permits.

**3. DOJ Has Still Failed to Segregate and Release Non-Exempt Information.**

The agency suggests it has acted with "surgical precision" in applying redactions in this case. *See* Def. Reply at 8. It has not. Indeed, had DOJ acted surgically, it would already have released from the withheld Opinion citations to statute, like 50 U.S.C. § 1809; it would have disclosed individual words like "Upstream" or "National Security Agency;" and it would have disclosed references to the language of § 1809(a)(2), which makes it a crime to:

> disclose[] or use[] information obtained under color of law by electronic surveillance, knowing or having reason to know that the information was obtained through electronic surveillance not authorized by this chapter, chapter 119, 121, or 206 of Title 18, or any express statutory authorization that is an additional exclusive means for conducting electronic surveillance under section 1812 of this title.

It is undisputed that the Opinion concerns these topics. Yet, without explanation, the agency refuses to segregate and release this information, as the law requires.

Instead of providing the necessary and detailed explanation for its decision to withhold the Opinion in full, DOJ again invokes the deference it believes this Court owes it. Initially, the agency offered only a single-paragraph to support its decision. *See* Declaration of David Sherman ("Sherman Decl."), ¶ 51 (Dkt. No. 15-4). Now, it seeks to rely upon an *in camera*, *ex parte* declaration – offering arguments that, for obvious reasons, EFF cannot address. However,

6

"[n]either FOIA itself" nor the cases interpreting the statute allow claims of harm to national security to "relieve the government of its burden of justifying its refusal to release information under FOIA." *Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, 331 F.3d 918, 939 (D.C. Cir. 2003) (Tatel, J. dissenting). Here, deference to the government's conclusory assertions (and non-public assertions) is neither necessary nor warranted. *See Campbell v. Dep't of Justice,* 164 F.3d 20, 30 (D.C. Cir. 1998) (deference unwarranted where an agency's affidavits lack "detail and specificity").[2]

### 4. The Court Should Conduct an *In Camera* Review of the Withheld Opinion.

EFF's opening brief demonstrated the need for the Court's *in camera* inspection of the Section 1809 Opinion, in light of the agency's continued unsupported withholding claims and the overriding public interest in the withheld information. Pl. Mem. at 15-18. Indeed, this is the precise approach taken by three different district courts considering FOIA requests for FISC opinions under circumstances remarkably similar to those here. *See* Pl. Mem. at 17 (citing cases).

As we explained, the agency's public declaration, alone, cannot form the basis for summary judgment in DOJ's favor. In response, DOJ has submitted, *ex parte* and *in camera,* the Classified Supplemental Declaration of David J. Sherman, and asserts that "[b]ecause the unclassified and classified declarations submitted in support of the challenged withholding are

---

[2] The agency also cites to Judge Jackson's decision in *EFF v. Dep't of Justice*, 12-1441-ABJ (D.D.C.) in support of its apparent contention that it has not previously withheld information describing government misconduct or illegal activity. *See* Def. Reply at 8. The government's citation is misleading. Judge Jackson's assessment – that none of the *remaining* redactions in the opinion shielded illegal or embarrassing conduct – came only *after* the government's release of significant portions of the opinion at issue. However, initially, as here, DOJ had claimed the *entire* opinion must be withheld in its entirety; subsequent disclosures proved those initial claims to be overly broad and used to shield the unflattering (yet readily segregable) information about legally questionably government surveillance. *See* Pl. Mem. at 15-16 (citing filings in *EFF v. Dep't of Justice*, No. 12-1441-ABJ (D.D.C.)).

more than sufficient, the Court need not entertain Plaintiff's request for *in camera* review of the Section 1809(a)(2) Opinion." Def. Reply at 2.

The Court should reject the government's invitation: if the Court intends to rely upon on the government's secret declaration, it should also review the Opinion *in camera*. In suggesting that the Court can rely upon an *in camera, ex parte* declaration in lieu of *in camera* inspection, DOJ misapprehends the controlling law of this circuit. As the court of appeals made crystal clear in *Armstrong v. Executive Office of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996), "[w]hereas the use of *in camera* review is generally encouraged, the use of *in camera* affidavits has generally been disfavored." *See also Billington v. Department of Justice*, 233 F.3d 581, 586 (D.C. Cir. 2000) (district court receipt of *in camera* declaration "is disfavored"); *Lykins v. Department of Justice*, 725 F.2d 1455, 1465 (D.C. Cir. 1984) ([a]lthough *in camera* review of withheld documents is permissible (and even encouraged), we have held that a trial court should not use *in camera* affidavits unless necessary . . .) (citations omitted).

In *Lykins*, where the district court accepted an *in camera* affidavit *and* conducted an *in camera* review of the disputed documents, the D.C. Circuit held that the lower court's partial reliance upon the *in camera* affidavit was error. The court explained that the use of *in camera* declarations is disfavored because such a procedure conflicts with "the judicial system's interest in an effective adversary system." *Id*. at 1465. It is thus clear that reliance upon an *in camera* declaration – even in conjunction with an *in camera* examination of withheld records – is strongly disfavored. Here, DOJ urges the Court to forego *in camera* review of the disputed document entirely and rely instead upon the *in camera, ex parte* Sherman declaration. EFF is unaware of any authority suggesting that such a procedure would be appropriate under the circumstances present in this case.

The agency offers nothing in support of its resistance to *in camera* review other than the proffered *ex parte* declaration.  It does not even attempt to address the relevant precedent, which establishes the Court's "discretion to order *in camera* inspection on the basis of an uneasiness, on a doubt" that needs to be resolved before taking "responsibility for a *de novo* determination."  Pl. Mem. at 18, quoting *Spirko v. USPS*, 147 F.3d 992, 996 (D.C. Cir. 1998).  Nor does DOJ explain why the Court should not exercise that "broad discretion," *id*., which the D.C. Circuit described succinctly in *Lykins*: "in cases in which a look at the withheld material itself would be useful, we have fully approved *in camera* examination of the withheld material by the trial court."  725 F.2d at 1463.  Given the agency's unwillingness to be more forthcoming on the public record, the exercise of that discretion is necessary here.

## CONCLUSION

For the foregoing reasons, and those set forth in EFF's opening brief, defendant's motion for summary judgment should be denied in part, and EFF's cross-motion for partial summary judgment should be granted.

June 15, 2015                                                                    Respectfully submitted,


*/s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
5335 Wisconsin Ave. N.W., Suite 640
Washington, DC 20015
(202) 246-6180

MARK RUMOLD
(admitted in California)
Electronic Frontier Foundation
815 Eddy Street

San Francisco, CA 94110
(415) 436-9333

Attorneys for Plaintiff
ELECTRONIC FRONTIER
FOUNDATION