## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————— )
)
**ELECTRONIC FRONTIER FOUNDATION**,   )
)
Plaintiff,   )
)
v.   )   C.A. No. 14-760-RMC
)
**DEPARTMENT OF JUSTICE**,   )
)
Defendant.   )
———————————————————————— )

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, plaintiff

Electronic Frontier Foundation ("EFF") hereby respectfully moves for relief and

reconsideration of this Court's October 30, 2015 Opinion (ECF No. 22) and Order (ECF

No. 23) granting summary judgment for defendant Department of Justice ("DOJ").

In that Opinion, the Court upheld the government's withholding, under

Exemptions 1 and 3, of an opinion of the Foreign Intelligence Surveillance Court

("FISC")—the sole document at issue in this case. However, this Court's Opinion should

be reconsidered in light of changes to the law worked by the recently enacted USA

FREEDOM Act. Those changes preclude DOJ from adopting the position it has taken in

this litigation—specifically, classifying and withholding in full significant opinions of the

FISC, such as the one at issue here.

For this reason, explained in more detail below, EFF respectfully urges the Court

to reconsider its previous Order and Opinion and to require DOJ to reprocess and release

the FISC opinion at issue in this case, as the USA FREEDOM Act now requires.

**BACKGROUND**

I.   **USA FREEDOM REQUIRES THE DECLASSIFICATION AND RELEASE OF SIGNIFICANT OPINIONS OF THE FISC.**

The USA FREEDOM Act of 2015 ("USA Freedom"), Pub. L. No. 114-23, 129 Stat. 268 (2015), was the product of nearly two years of extensive debate concerning the propriety and scope of our nation's national security surveillance authorities. USA Freedom worked a variety of changes—some substantial—to several areas of federal surveillance law.

Relevant here, Section 402 of USA Freedom, now codified at 50 U.S.C. § 1872, imposes a new transparency obligation specific to opinions and orders of the Foreign Intelligence Surveillance Court. Section 402 requires that:

> the Director of National Intelligence, in consultation with the Attorney General, *shall conduct a declassification review of each decision, order or opinion issued by the Foreign Intelligence Surveillance Court* or the Foreign Intelligence Surveillance Court of Review . . . that includes *a significant construction or interpretation of any provision of law* . . . and, consistent with that review, *make publicly available to the greatest extent practicable each such decision, order, or opinion*.

50 U.S.C. § 1872(a) (emphasis added). The requirement imposed by this provision is unmistakable: the Director of National Intelligence, in coordination with the Attorney General, "shall" review "each" FISC opinion containing a "significant construction or interpretation" of "any provision of law," and declassify and release the opinion "to the greatest extent practicable." *Id.*

If a complete declassification and release of the opinion is impossible, the law allows the government to satisfy its disclosure obligations in two other ways: (1) by publishing the opinion in "redacted form," 50 U.S.C. § 1872(b); or (2) by making

"publicly available an unclassified statement" that "summarize[s] the significant construction or interpretation" and that "shall include, to the extent consistent with national security, a description of the context in which the matter arises and any significant construction or interpretation of any statute, constitutional provision, or other legal authority relied on by the decision." 50 U.S.C. § 1872(c)(2)(A).

Taken together, Section 402 represents a specific and unambiguous Congressional requirement that the substance of "significant" FISC opinions be declassified and provided to the public.

## II.     THE TIMING AND IMPLEMENTATION OF USA FREEDOM.

USA Freedom became law on June 2, 2015—after the government filed its opening Motion for Summary Judgment on May 1, 2015 (ECF No. 15), after plaintiff filed its Opposition and Cross Motion for Summary Judgment on June 1, 2015 (ECF No. 17), but before this Court issued its final Opinion and Order on October 30, 2015.

The new law provided a gradual transition period over which certain new provisions would take effect. Principally, Congress approved a 180-day transition period to wind down the government's bulk call record collection program. *See* USA Freedom Sec. 109(a) (setting "Effective Date"); *see also ACLU v. Clapper*, 804 F.3d 617, 618 (2d Cir. 2015) (declining "to disturb the decision by Congress to provide for a 180–day transition period to put an orderly end to the telephone metadata program"). Another transition period, in Section 401 of the Act, provided 180 days for the FISC and Foreign Intelligence Court of Review to designate five individuals to serve as amicus curiae for future cases involving "novel or significant interpretation[s] of law." *See* USA Freedom Sec. 401 (codified at 50 U.S.C. § 1803(i)(1)-(2)).

Section 402 of USA Freedom—the provision requiring the declassification and release of significant FISC opinions—does not contain a similar transition period. Nevertheless, Plaintiff represents that, in part based on communications members of its staff had with members of the executive branch and recognizing that the declassification process can be complex and time-consuming, plaintiff believed the 180-day transition period would function as a similarly significant deadline for purposes of declassification and release of covered FISC opinions. *See* Declaration of David L. Sobel, ¶¶ 4-6, filed herewith ("Sobel Decl."). That 180-day transition period ended November 29, 2015.

To date, plaintiff is unaware of any FISC opinions produced by the government pursuant to the new law's mandate.

## III.    PROCEDURAL HISTORY RELEVANT TO THIS MOTION.

The Court granted DOJ's motion for summary judgment on October 30, 2015. *See* ECF Nos. 22, 23.

On November 12, counsel for plaintiff emailed counsel for the government to seek DOJ's position on USA Freedom's effect on these proceedings and, specifically, on the FISC opinion at issue in this case. Sobel Decl., ¶ 8.

On November 15, counsel for the government indicated he would communicate with his clients and respond to EFF's counsel later in the week. *Id.*, ¶ 9.

On November 29, the 180-day transition period established in Sections 109 and 401 of USA Freedom ended.

On December 1—two days after the termination of the 180-day transition period, without any further releases of FISC opinions by the government, and without having received a response from DOJ's counsel—EFF's counsel again reached out to the

agency. *Id.*, ¶ 10. By email, on December 1, counsel for the government responded that

DOJ was "not prepared to take a position" on USA Freedom's application to the FISC

opinion at issue in this case. *Id.*, ¶ 11.

On December 24, plaintiff filed a timely notice of appeal of the Court's Opinion

and Order. ECF No. 24.

## ARGUMENT

## I.     RECONSIDERATION OF THE COURT'S OPINION IS WARRANTED.

Reconsideration of the Court's Opinion in light of USA Freedom is warranted and

permissible under Federal Rule of Civil Procedure 60(b).[1]

Rule 60(b)(1) allows a court, in its discretion, to relieve a party from an otherwise

final judgment involving "mistake, inadvertence, surprise or excusable neglect." Fed. R.

Civ. P. 60(b)(1). Relief under 60(b)(1) for excusable neglect turns on "equitable factors,"

taking into account all relevant circumstances surrounding the party's omission.  *See*

*Laster v. District of Columbia*, 439 F. Supp. 2d 93, 97 (D.D.C. 2006) (citing *Pioneer Inv.*

*Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380 (1993)). Those factors include

"the risk of prejudice to the non-movant, the length of delay, the reason for the delay,

including whether it was in control of the movant, and whether the movant acted in good

faith." *FG Hemisphere Associates v. Democratic Republic of Congo*, 447 F.3d 835 (D.C.

---

[1] In order to preserve its appeal rights, EFF filed a timely notice of appeal on December
24. ECF No. 24.  "When a Rule 60(b) motion and an appeal are pending simultaneously,
appellate review may continue and the District Court may consider the 60(b) motion, and,
if the District Court indicates that it will grant relief, the appellant may move the
appellate court for a remand in order that relief may be granted." *Gates v. Syrian Arab
Republic*, 646 F. Supp. 2d 79, 83 (D.D.C. 2009) (quoting *LaRouche v. U.S. Dep't of the
Treasury*, 112 F. Supp. 2d 48, 52 (D.D.C. 2000) (internal quotation marks and citations
omitted)). Thus, the pending appeal does not deprive this Court of jurisdiction to consider
the motion.

Cir. 2006) (citing *Pioneer*, 507 U.S. at 393–95). Ultimately, Rule 60(b) was intended to preserve "the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970).

In this case, that balance tilts in favor of reconsideration of the Court's prior Opinion.

A new statute, USA Freedom—with clear application to this case—took effect after summary judgment briefing had commenced but before the Court rendered its judgment. The new statute places affirmative obligations on the government that, as described in more depth below, are inconsistent with the classification and exemption claims DOJ made in this case.

Although EFF acknowledges its awareness of the new law and the law's declassification requirements (an awareness the government, undoubtedly, shared), plaintiff previously failed to raise the issue based on its mistaken-but-good-faith belief that the government would declassify and release significant FISC opinions—like the opinion at issue here—on or around the 180-day transition period deadline. *See* Sobel Decl., ¶¶ 4–6.

EFF has proceeded promptly and in good faith in its attempt to clarify USA Freedom's effect on the withheld FISC opinion and this case. Following this Court's decision, EFF sought opposing counsel's position on the effect of the new law. *Id.*, ¶ 8. EFF again sought the government's perspective immediately following the expiration of the 180-day transition period. *Id.*, ¶ 10. From December 16 to December 23, the parties

engaged in discussions concerning further litigation, *see id.*, ¶ 12, and this motion was filed shortly thereafter.

Finally, reconsideration will not prejudice the government in any meaningful way. USA Freedom places an ongoing obligation on the government to declassify and release significant FISC opinions, such as the one at issue here. It is not a question of *whether* USA Freedom's obligations apply, but rather *when* the government will comply with those obligations. Under these circumstances, DOJ will not suffer any prejudice.[2]

## II. THE GOVERNMENT'S EXEMPTION CLAIMS ARE INCONSISTENT WITH THE REQUIREMENTS OF USA FREEDOM.

### A. The Withheld Opinion Contains a Significant Interpretation of 50 U.S.C. § 1809.

The opinion of the FISC at issue in this case (the "Withheld Opinion") is precisely the type of "significant construction or interpretation" contemplated by Section 402 of USA Freedom.

As this Court noted, the Withheld Opinion determined "that 50 U.S.C. § 1809(a)(2) precluded the FISC from approving the Government's proposed use of certain data acquired by the National Security Agency (NSA) without statutory authority through 'Upstream' collection." Opinion at 2. Section 1809(a)(2) makes it a crime when government officials "disclose[] or use[] information obtained under color of law by

---

[2] Alternatively, this Court should grant EFF's motion under Rule 60(b)(6), which permits the amendment of a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also United States v. 8 Gilcrease Lane*, 668 F. Supp. 2d 128, 131 (D.D.C. 2009). The court maintains discretion to grant relief under Rule 60(b)(6) where it is "appropriate to accomplish justice[.]" *Klapprott v. U.S.*, 335 U.S. 601, 614–15 (1949). And, where a party timely raises an issue "so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b)(6) is proper," *even if* the initial omission was "inexcusable." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (citing *Gray v. Estelle*, 574 F.2d 209, 214–215 (5th Cir. 1978)).

electronic surveillance, knowing or having reason to know that the information was

obtained through electronic surveillance not authorized" by FISA. Plainly, FISC opinions

concerning government action that exceeded statutory authority—indeed, actions that

implicated criminal prohibitions contained in federal law—and the FISC's interpretation

of the laws delimiting the scope of that authority are the types of "significant"

constructions of law anticipated by Congress and Section 402.

The Withheld Opinion is also substantial because it is precedential. As this Court

noted, "EFF is aware of the holding of the [Withheld] Opinion because it was referenced

in an October 3, 2011 FISC opinion [written by Judge Bates] that was released to EFF in

the course of a different FOIA lawsuit[.]" *Id.* at 2-3. That is, Judge Bates found the

Withheld Opinion sufficiently "significant" to cite to it, and its interpretation of Section

1809, in later proceedings of the FISC. Indeed, given the availability of other FISC

opinions interpreting Section 1809,[3] Judge Bates' decision to rely on the Withheld

Opinion as the most appropriate authority only underscores its significance.

> B.    Because the Withheld Opinion can no longer be "validly" classified in
>        full, Exemption 1 cannot apply.

USA Freedom's disclosure obligations embody a specific Congressional rejection

of the approach taken by the government in this case: that is, asserting classification to

shield "significant" opinions of the FISC from public scrutiny. The government cannot

claim that the Withheld Opinion is "validly" classified—and therefore wholly within

---

[3] EFF is aware of at least one other (and already-publicly disclosed) FISC opinion
discussing Section 1809 to which Judge Bates could have cited. Available at
http://www.dni.gov/files/documents/1118/CLEANEDPRTT%202.pdf. A later opinion
concerning Section 1809, authored by Judge Bates, is also publicly available. Available
at http://www.dni.gov/files/documents/September%202012%20Bates%20Opinion%20an
d%20Order.pdf

Exemption 1— given Congress' express command that significant FISC opinions be *declassified* and released.[4]

USA Freedom presents the government with a clear choice: it may declassify the entirety of the Withheld Opinion and release it to the public, see 50 U.S.C. 1872(a); it may declassify the Withheld Opinion and release it with redactions, see 50 U.S.C. § 1872(b); or it can provide the public with a specific summary of the Withheld Opinion, its conclusions, and its context. *See* 50 U.S.C. § 1872(c)(2)(A).

What the government may not do, however, is claim the Withheld Opinion is classified in full and say nothing more. Yet that is precisely what the government has done in this case.

## CONCLUSION

For the foregoing reasons, EFF respectfully requests that the Court grant its motion and reconsider its prior Opinion and Order.


January 12, 2016                                Respectfully submitted,

                                                */s/ David L. Sobel*
                                                DAVID L. SOBEL
                                                D.C. Bar No. 360418
                                                Electronic Frontier Foundation

---

[4] The government also asserted Exemption 3 to withhold portions of the Withheld Opinion. However, as EFF previously explained, two of the statutes the government asserts, Section 102A(i)(1) of the National Security Act of 1959, 50 U.S.C. §3024(i)(1); and the Espionage Act, 18 U.S.C. § 798, protect the same information protected by Exemption 1—namely, validly classified intelligence sources and methods. See 50 U.S.C. § 3024(i)(1) (prohibiting disclosure of "intelligence sources and methods from unauthorized disclosure") and 18 U.S.C. § 798(a), (b) (prohibiting disclosure of "classified information" describing related to communications intelligence). Here, because the Withheld Opinion cannot be validly classified, those statutes and Exemption 3 do not apply.

5335 Wisconsin Ave. N.W., Suite 640
Washington, DC 20015
(202) 246-6180

MARK RUMOLD
(admitted in California)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94110
(415) 436-9333

Attorneys for Plaintiff
ELECTRONIC FRONTIER
FOUNDATION