**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. |
| | )   14-cv-760 RMC |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR <u>RECONSIDERATION</u>**

**TABLE OF CONTENTS**

**PAGE**

I.     INTRODUCTION ..............................................................................................................1

II.    BACKGROUND ................................................................................................................2

III.   ARGUMENT .....................................................................................................................4

      A.     Standard of Review Under Rule 60(b)...................................................................6

      B.     The Court Need Not Reach the Merits of Plaintiff's Motion for Reconsideration..7

      C.     Plaintiff Has Not Satisfied the Threshold Requirement of Rule 60(b)...................8

      D.     Even if Plaintiff Could Satisfy Rule 60(b)'s Threshold Requirement,
             Plaintiff Has Not Satisfied the Standard for Granting a
             Rule 60(b)(1) Motion............................................................................................14

      E.     Plaintiff Has Not Satisfied the Very High Bar for Granting a
             Rule 60(b)(6) Motion............................................................................................19

IV.   CONCLUSION................................................................................................................21

# TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE(S)**

*Ackermann v. United States,*
    340 U.S. 193 (1950) ................................................................................................ 20

*Alsawam v. Obama,*
    864 F. Supp. 2d 1 (D.D.C. 2012) ........................................................................... 19

*Canales v. A.H.R.E., Inc.,*
    254 F.R.D. 1 (D.D.C. 2008) ................................................................................... 21

*16 Cobalt LLC v. Harrison Career Inst.,*
    2007 WL 6688939 (D.D.C. Mar. 28, 2007) .......................................................... 18

*Computer Professionals for Soc. Responsibility v. United States Secret Serv.,*
    72 F.3d 897 (D.C. Cir. 1996) .............................................................................. 7, 21

*Dole Food Co. v. Patrickson,*
    538 U.S. 468 (2003) ................................................................................................ 11

*Douglas v. District of Columbia Housing Auth.,*
    306 F.R.D. 1 (D.D.C. 2014) ..................................................................................... 7

*EFF v. DOJ,*
    ___ F. Supp. 3d ___, 2015 WL 6673743 (D.D.C. Oct. 30, 2015) ......................... 18

*Fernandez-Vargas v. Gonzales,*
    548 U.S. 30 (2006) ...................................................................................... 10, 12, 13

*FG Hemisphere Assocs., LLC v. Democratic Repub. of Congo,*
    447 F.3d 835 (D.C. Cir. 2006) ............................................................................ 9, 15

*Gates v. Syrian Arab Republic,*
    646 F. Supp. 2d 79 (D.D.C. 2009) ........................................................................... 6

*Gonzales v. Crosby,*
    545 U.S. 524 (2005) ............................................................................................. 7, 19

*Good Luck Nursing Home, Inc. v. Harris,*
    636 F.2d 572 (D.C. Cir. 1980) ..................................................................... 17, 19, 20

*Gray v. Estelle,*
    574 F.2d 209 (5th Cir. 1978) .................................................................................. 19

*Hall v. CIA,*
    437 F.3d 94 (D.C. Cir. 2006) ................................................................................... 7

*Hoai v. Vo,*
  935 F.2d 308 (D.C. Cir. 1991) ................................................................................... 6

*Jarvis v. Parker,*
  13 F. Supp. 3d 74 (D.D.C. 2014) ....................................................................... 15, 18

*Kramer v. Gates,*
  481 F.3d 788 (D.C. Cir. 2007) .................................................................... 6, 19, 20

*Landgraf v. USI Film Prods.,*
  511 U.S. 244 (1994) ......................................................................................... 10, 12

*LaRouche v. U.S. Dep't of Treas.,*
  112 F. Supp. 2d 48 (D.D.C. 2000) ............................................................................ 6

*Light v. DOJ,*
  968 F. Supp. 2d 32 (D.D.C. 2013) ............................................................................ 7

*Lightfoot v. District of Columbia,*
  555 F. Supp. 2d 61 (D.D.C. 2008) ..................................................................... 19, 21

*Lytes v. D.C. Water & Sewer Auth.,*
  572 F.3d 936 (D.C. Cir. 2009) ................................................................................ 10

*Mazengo v. Mzengi,*
  542 F. Supp. 2d 96 (D.D.C. 2008) ............................................................................ 7

*Munoz v. Board of Trustees of University of Dist. of Columbia,*
  730 F. Supp. 2d 62 (D.D.C. 2010) ............................................................................ 7

*Murray v. District of Columbia,*
  52 F.3d 353 (D.C. Cir. 1995) ............................................................................. 9, 14

*Norris v. Salazar,*
  277 F.R.D. 22 (D.D.C. 2011) .................................................................................. 21

*Richardson v. National R.R. Passenger Corp.,*
  49 F.3d 760 (D.C. Cir. 1995) .................................................................................. 19

*Riley v. BMO Harris Bank, N.A.,*
  ___ F. Supp. 3d ___, 2015 WL 4484106 (D.D.C. July 22, 2015) .................... 15, 17, 18

*Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd.,*
  507 U.S. 380 (1993) ......................................................................................... 15, 21

*Smalls v. United States,*
  471 F.3d 186 (D.C. Cir. 2006) .................................................................................. 7

*Stovell v. James*,
   849 F. Supp. 2d 43 (D.D.C. 2012) ........................................................................... 21

*Taitz v. Obama*,
   754 F. Supp. 2d 57 (D.D.C. 2010) ............................................................................. 8

*Thomas v. Holder*,
   750 F.3d 899 (D.C. Cir. 2014) .............................................................................. 7, 9

*United States v. 8 Gilcrease Lane*,
   668 F. Supp. 2d 128 (D.D.C. 2009) ........................................................................ 6, 9

*United States v. 8 Gilcrease Lane, Quincy, Florida, 32351*,
   638 F.3d 297 (D.C. Cir. 2011) ................................................................................ 17

*United States v. All Assets Held at Bank Julius Baer & Co.*,
   571 F. Supp. 2d 1 (D.D.C. 2008) ....................................................................... 10, 11

*University of Texas Southwestern Med. Ctr. v. Nassar*,
   133 S. Ct. 2517 (2013) ........................................................................................... 11

*Vartelas v. Holder*,
   132 S. Ct. 1479 (2012) ............................................................................... 12, 13, 14

*Walsh v. Hagee*,
   10 F. Supp. 3d 15 (D.D.C. 2013) .............................................................................. 7

*West v. Holder*,
   309 F.R.D. 54 (D.D.C. 2015) .................................................................................... 7

*Wilson v. Prudential Fin.*,
   218 F.R.D. 1 (D.D.C. 2003) ..................................................................................... 15

**STATUTES**

50 U.S.C. § 1871 ....................................................................................... 10, 11, 12, 13
50 U.S.C. § 1872 ........................................................................................................ 11
Pub. L. No. 114-23, 129 Stat. 268 ........................................................................... 4, 10

**LEGISLATIVE MATERIALS**

113th Cong., 1st Sess. S. 1130 (June 11, 2013) ....................................................... 11, 18
161 Cong. Rec. S3439 (June 2, 2015) ........................................................................ 17
Cong. Rec. H4707 (daily ed. May 21, 2014) .............................................................. 18

**MISCELLANEOUS**

*In re Applications of the Federal Bureau of Investigation for Orders Requiring
   the Production of Tangible Things* ........................................................................ 14

# I.      INTRODUCTION

Plaintiff asks this Court to undo its judgment in favor of Defendant on the basis of a newly articulated legal theory that Plaintiff admittedly knew about seven months ago—during dispositive briefing—and yet failed to bring to the Court's attention until months after judgment was entered.  The Court should resist Plaintiff's effort to re-litigate this case now on a different legal theory.

In its Motion for Reconsideration ("Pl. Mot."), ECF No. 26, Plaintiff belatedly raises the point that Section 402 of the USA Freedom Act of 2015, enacted on June 2, 2015, directs the Government to declassify certain FISC opinions.  That means, according to Plaintiff, that the Government could not withhold in full under Exemptions 1 and 3 of the Freedom of Information Act ("FOIA") the Foreign Intelligence Surveillance Court ("FISC") opinion that was the sole document at issue in this case by the time Plaintiff filed its initial dispositive brief on June 1, 2015.  And thus, by extension, Plaintiff argues that Section 402 warrants vacating the judgment the Court entered in Defendant's favor on October 30, 2015.

None of Plaintiff's arguments warrants vacating the judgment the Court entered and requiring the parties to re-litigate the merits of this suit.  Plaintiff's reconsideration motion is based, in the alternative, on Rule 60(b)(1) and Rule 60(b)(6) of the Federal Rules of Civil Procedure.  As a matter of law, however, Rule 60(b) cannot be used to assert legal theories that could have—and should have—been raised prior to judgment.  That is what Plaintiff is trying to do here.  Plaintiff admits it knew about the statutory provision prior to filing its reply in support of its partial summary judgment motion nearly six weeks after Congress enacted the statute. Plaintiff said nothing then or during the nearly five months between enactment and the entry of judgment.  Moreover, based on the description of the withheld document set forth in the

1

classified declaration of Dr. Sherman, the document was properly withheld in its entirety in this case, and there is thus no need to address the issue of whether Section 402 applies here.

But even assuming *arguendo* that the Court reaches the merits of the motion for reconsideration, Plaintiff has not satisfied the requirements of Rule 60(b).  As a threshold matter, Plaintiff must demonstrate that its statutory argument has at least some merit.  It has not done so. Plaintiff does not mention, let alone explain, how a statutory provision enacted on June 2, 2015, which requires the declassification of certain FISC opinions, could apply retroactively to an opinion issued years before.  Even if Plaintiff crosses this threshold, however, it has failed to show that this is one of those rare cases warranting relief under Rule 60(b)(1) or that this case involves the extraordinary circumstances necessary for the Court to grant relief under Rule 60(b)(6).  Plaintiff was in control of whether or not to raise the argument prior to judgment and its failure to do so until now risks significant further delay of these proceedings.  Where litigants make that kind of choice, courts will not rescue them when it turns out that choice was improvidently made.

 For these reasons, Plaintiff's motion for reconsideration should be denied.

## II.    BACKGROUND

On May 1, 2014, Plaintiff filed this FOIA suit arising out of four separate FOIA requests it had made to the National Security Division ("NSD") of the Department of Justice from August 2012 to March 2014.  *See* Complaint, ECF No. 1.  These FOIA requests sought various orders issued by the FISC, the Foreign Intelligence Surveillance Court of Review ("FISC-R"), the Supreme Court, as well as certain documents related to or referenced in certain of these opinions. *See* Memorandum of Points and Authorities in Support of the Department of Justice's Motion for Summary Judgment, ECF No. 15-1, at 2-6 (summarizing case background).

Defendant produced numerous redacted documents in response to these various requests, but it withheld one document in full. *See id.* The document Defendant withheld in full was a FISC opinion "whose citation was redacted from footnote 15 of the October 3, 2011 FISC opinion, the withholding of which Judge Berman Jackson" had previously "upheld pursuant to FOIA exemption (b)(1) in *EFF v. DOJ*, No. 12-1441." *Id.* at 3. Plaintiff indicated that it intended to challenge both the withholding in full and many of the other withholdings. *See id.* at 3-6.

On May 1, 2015, Defendant moved for summary judgment on all contested issues. *See* Motion for Summary Judgment, ECF No. 15, with supporting classified and unclassified declarations, *see* ECF Nos. 15-4, 15-5, 15-6. In its partial opposition and partial summary judgment motion, Plaintiff chose to narrow the issues in contention to one: the withholding in full of the single FISC opinion described above, which was then, as Plaintiff describes it, "the sole focus of this case." *See* Memorandum in Partial Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Partial Summary Judgment, ECF No. 17, at 1-2, 4 & n.4. The opinion at issue was described in footnote 15 of the October 3, 2011 FISC Opinion referenced above as "h[olding] that 50 U.S.C. § 1809(a)(2) precluded the FISC from approving the Government's proposed use of certain data acquired by [the NSA] without statutory authority through 'Upstream' collection." Opinion, ECF No. 22, at 2.[1]

On July 1, 2015, Defendant filed its reply in support of its summary judgment motion and in opposition to Plaintiff's partial summary judgment motion. *See* Defendant's Reply and Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment, ECF No. 19. Defendant also lodged a classified declaration by Dr. David J. Sherman of the NSA to "more fully explain

---

[1] Plaintiff was "aware of the holding of the Section 1809 Opinion because it was referenced in an October 3, 2011 FISC opinion." Opinion, at 2.

why the government is entitled to withhold the 'Section 1809 Opinion' in full."  Redacted

Classified Supplemental Declaration of David J. Sherman, ECF No. 19-2, ¶ 2.

Plaintiff filed its reply brief on July 15, 2015, without ever mentioning the USA Freedom

Act of 2015.  The Act was signed into law six weeks earlier, on June 2, 2015.  *See* USA Freedom

Act of 2015, Pub. L. No. 114-23, 129 Stat. 268.  The Act contains a provision which requires the

Director of National Intelligence ("DNI"), in consultation with the Attorney General, to "conduct

a declassification review of each decision, order, or opinion issued" by the FISC or FISC-R "that

includes a significant construction or interpretation of any provision of law, including any novel

or significant construction or interpretation of the term 'specific selection term.'"  *Id.* § 402.  The

statute provides that the DNI and the Attorney General may satisfy this requirement by making

the decision publicly available in redacted form or, in the interests of national security, may

waive the requirement to declassify the decision if a summary of the decision is made publicly

available.  *Id.*

On October 30, 2015, nearly five months after the USA Freedom Act of 2015 was

enacted, the Court issued its opinion granting summary judgment for Defendant and denying

Plaintiff's partial summary judgment motion.  *See* Opinion, at 12.  In so ruling, the Court

specifically relied on the classified and unclassified declarations submitted by Defendant,

including the classified declaration of Dr. Sherman, filed on July 1, 2015.  *See id.* at 7-12.  The

Court held that the "document has been properly withheld in its entirety under Exemption 1"

because the "Section 1809 Opinion is classified" and "disclosure of any part of [that] Opinion

could reasonably be expected to cause grave damage to national security."  *Id.* at 9, 12.  The

Court also found that "Exemption 3 applies here as well."  *Id.* at 9 n.8.  In a separate order, dated

October 30, 2015, the Court entered judgment in favor of Defendant.  *See* Order, ECF No. 23.

Plaintiff did not file a Rule 59(e) motion to alter or amend the judgment on the basis of Section 402 of the USA Freedom Act of 2015 (or on any other basis) within the 28-day period allowed by that rule.  *See* Fed. R. Civ. P. 59(e).

On December 24, 2015, Plaintiff filed a Notice of Appeal of this Court's judgment.  *See* Notice of Appeal, ECF No. 24.  Nearly three weeks later, on January 12, 2016, Plaintiff filed a Rule 60(b)(1) and (b)(6) motion for reconsideration of this Court's Order and Opinion "in light of changes to the law worked by" Section 402 of the USA Freedom Act, which it says has "clear application to this case."  *See* Pl. Mot. at 1, 6.

## III.    ARGUMENT

The Court should deny Plaintiff's Rule 60(b) motion for reconsideration for five reasons. First, as a matter of law, a party cannot use Rule 60(b) to present new legal theories that were available to it prior to the entry of judgment.  Second, based on the description of the withheld document set forth in the classified declaration of Dr. Sherman, the document was properly withheld in its entirety in this case, and there is thus no need to address the issue of whether Section 402 applies here.  Third, even assuming the Court reaches the merits of Plaintiff's motion, Plaintiff has not satisfied Rule 60(b)'s threshold requirement that its statutory argument has at least some merit.  Plaintiff does not explain—indeed does not even address—why Section 402 of the USA Freedom Act should be applied retroactively to FISC opinions issued before the statute was enacted.  Fourth, Plaintiff has not shown why failing to raise during the parties' summary judgment briefing (or thereafter) the legal impact of Section 402 of the USA Freedom Act of 2015, which it now claims has "clear application to this case," Pl. Mot. at 6, is neglect that is "excusable" within the meaning of Rule 60(b)(1).  And finally, Plaintiff's alternative Rule 60(b)(6) argument fails to evidence the extraordinary circumstances that must be present to grant

relief under that catch-all provision.  Each of these arguments will be addressed in turn below after a discussion of the applicable standard of review.

**A.  Standard of Review Under Rule 60(b).**

Plaintiff has moved to reconsider this Court's judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  *See* Pl. Mot. at 5-7 & n.2.  As an initial matter, where, as here, "a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted."  *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991).  But whereas the district court "ha[s] authority to deny" a Rule 60(b) motion while the appeal is pending," it "does not have jurisdiction to grant a Rule 60(b) motion . . . ."  *LaRouche v. U.S. Dep't of Treas.*, 112 F. Supp. 2d 48, 52 (D.D.C. 2000).  Instead, if the district court would grant the Rule 60(b) motion, it must indicate that it would do so "if it had jurisdiction," *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 83-84 (D.D.C. 2009) (Collyer, J.), and the movant may then "move the appellate court for a remand in order that relief may be granted."  *Hoai*, 935 F.2d at 312.

Here, Plaintiff relies on two provisions of Rule 60(b) to obtain relief from the Court's judgment: Rule 60(b)(1) and 60(b)(6).  Rule 60(b) provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  "Relief under Rule 60(b)(1) motions is rare," *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006), however, and relief under Rule 60(b)(6)'s "catch-all provision," *United States v. 8 Gilcrease Lane*, 668 F. Supp. 2d 128, 131 (D.D.C. 2009) (Collyer, J.), "should be only sparingly used."  *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007).  This is because "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the [C]ourt's conscience that justice be

done in light of all the facts." *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006). The district court has discretion to determine whether a party should be granted relief under Rule 60(b), *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 98 (D.D.C. 2008) (Collyer, J.), and this "large measure of discretion" "may be reversed only for abuse of [that] discretion" "unless [the decision was] rooted in an error of law." *Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996).

Plaintiff bears the burden of proof that it is entitled to relief from the judgment of the Court. *See Light v. DOJ*, 968 F. Supp. 2d 32, 36 (D.D.C. 2013) (Collyer, J.). To carry this burden, Plaintiff must first, as a "threshold requirement," show that its claim has "at least some merit." *Thomas v. Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014). Thereafter, Plaintiff must demonstrate that this is one of those "rare" cases warranting relief under Rule 60(b)(1), *Hall*, 437 F.3d at 99, or one of those cases involving "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Plaintiff has done none of those things. But, even more fundamentally, the Court need not reach the merits of Plaintiff's motion at all in order to deny it.

### B. The Court Need Not Reach the Merits of Plaintiff's Motion for Reconsideration.

Plaintiff's Rule 60(b) motion fails for two basic, preliminary reasons. First, "the cases are quite clear that Rule 60(b) is not a vehicle for presenting theories or arguments that could have been raised previously." *West v. Holder*, 309 F.R.D. 54, 56 (D.D.C. 2015).[2] In its motion for reconsideration Plaintiff argues that Section 402 of the USA Freedom Act of 2015 precludes

---

[2] *See also Douglas v. District of Columbia Housing Auth.*, 306 F.R.D. 1, 5 (D.D.C. 2014) (same); *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) (same); *Taitz v. Obama*, 754 F. Supp. 2d 57, 61 (D.D.C. 2010) ("[P]laintiff cannot use [its] Rule 60(b) motion to raise legal arguments that were available to [it before]."); *Munoz v. Board of Trustees of Univ. of Dist. of Columbia*, 730 F. Supp. 2d 62, 69 n.1 (D.D.C. 2010) ("[P]laintiff cannot use a Rule 60(b)(1) motion to raise a new theory or argument.").

the Government from withholding in full the Section 1809 Opinion.  Plaintiff did not make this

argument to the Court before.  It had the chance to do so, too.  To be sure, Congress enacted the

USA Freedom Act of 2015 on June 2, one day after Plaintiff filed its partial summary judgment

motion.  *See* Pl. Mot. at 3.  What Plaintiff does not say, however, is that it subsequently filed a

reply brief in support of that dispositive motion nearly six weeks later where it failed to mention

Section 402, let alone claim at that time that it has "clear application to this case."  Pl. Mot. at 6.

And Plaintiff failed to make the argument to the Court during the entire almost five-month

period between enactment and the entry of judgment.  This is fatal to its Rule 60(b) motion.

Second, based on the description of the withheld document set forth in the classified

declaration of Dr. David J. Sherman, the document was properly withheld in its entirety in this

case, and there is thus no need to address the issue of whether Section 402 of the USA Freedom

Act applies here.  That declaration was lodged with the Court on July 1, 2015, *see* ECF No. 18-1,

¶ 9, for its in *camera* and *ex parte* review in conjunction with Defendant's Reply and Opposition

to Plaintiff's Cross-Motion for Partial Summary Judgment, ECF No. 19.

### C.  Plaintiff Has Not Satisfied the Threshold Requirement of Rule 60(b).

Assuming *arguendo* that the Court proceeds to consider the merits of the motion for

reconsideration, Plaintiff fails to satisfy the threshold requirement that its claim has at least some

merit.  Plaintiff devotes nearly one-third of its brief to an explanation of how Section 402 of the

USA Freedom Act of 2015 purportedly "preclude[s]" Defendant "from adopting the position" it

took in this litigation.  Pl. Mot. at 1, 7-9.  But Plaintiff says nary a word about the statutory

elephant in the room:  the language of Section 402 contains no indication of any retroactive

application to FISC opinions issued before the enactment of the statute.  This alone is fatal to

Plaintiff's efforts to satisfy the threshold requirement that Plaintiff could prevail here if the Court

8

had jurisdiction to grant the Rule 60(b) motion.

"It has long been established that, as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995); *see also Thomas*, 750 F.3d at 902 (noting that this "threshold requirement" is "well-established"); *8 Gilcrease Lane*, 668 F. Supp. 2d at 131 ("Critically, the movant must demonstrate a meritorious claim or defense."). This threshold "requirement advances judicial economy" because "there seems little point in a nuanced treatment of data bearing on the excusability of the movant's neglect," for example, if the underlying "claim is plainly meritless." *FG Hemisphere Assocs., LLC v. Democratic Repub. of Congo*, 447 F.3d 835, 842 (D.C. Cir. 2006); *see Thomas*, 750 F.3d at 903 ("The requirement that parties seeking Rule 60(b) relief show some prospect of succeeding on the merits flows from the basic principle that courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources."). This is not "a particularly high bar," *Thomas*, 750 F.3d at 902, because the claim "need not be ironclad" in order for the movant to "establish that it possesses a potentially meritorious claim . . . , which, if proven, will bring success in its wake." *Murray*, 52 F.3d at 355. The movant may satisfy this prerequisite by "provid[ing] at least a hint of a suggestion that [it] might prevail." *Thomas*, 750 F.3d at 902.

Despite the low bar, however, Plaintiff has not provided even a hint that it can satisfy this threshold legal requirement. As noted, Plaintiff's motion neither considers nor explains how a statute that imposes an obligation on the Government to declassify certain FISC opinions applies retroactively to an opinion issued years before enactment of the statute. Courts employ a "two-step test" to determine whether a statute should apply retroactively to conduct that occurred

9

before the statute was enacted. *See United States v. All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d 1, 9 (D.D.C. 2008).

First, courts "look to whether Congress has expressly prescribed the statute's proper reach." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37 (2006); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 263, 280 (1994) (requiring an "unambiguous directive" or "express command"); *Lytes v. D.C. Water & Sewer Auth.*, 572 F.3d 936, 939 (D.C. Cir. 2009) ("express command"). "[I]n the absence of language as helpful as that," courts "try to draw a comparably firm conclusion about the temporal reach specifically intended by applying . . . normal rules of [statutory] construction." *Fernandez-Vargas*, 548 U.S. at 37. The "requirement that Congress first make its intention clear helps ensure that Congress itself has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness." *Landgraf*, 511 U.S. at 268.

Here, while the statutory text of Section 402 is silent on the "temporal reach" of that provision, *see* USA Freedom Act of 2015, Pub. L. No. 114-23, 129 Stat. 268 § 402; *Fernandez-Vargas*, 548 U.S. at 37, the Court can still draw the "firm conclusion" that the provision was not intended to apply retroactively. Section 402 of the Act amended Title 50 of the United States Code section 1871 *et seq.* Section 1871 provides for semi-annual reports on foreign intelligence surveillance to be provided by the Attorney General to specific committees in Congress. *See* 50 U.S.C. § 1871. Pertinent here is the statutory requirement that the Attorney General submit to those committees "a copy of each" FISC decision involving, *inter alia*, a "significant construction or interpretation of any provision of law" or "a novel application" of law "that was issued during the five-year period ending" on the date the statute was amended to incorporate this new requirement. *Id.* §§ 1871(c)(1), (c)(2). In Section 1871, therefore, Congress made clear its intent that the provision applied retroactively to FISC opinions issued prior to the enactment

10

of this provision.

In contrast, Congress did not include the same retroactivity language in Section 402 of the USA Freedom Act, even though the subject matter of the two provisions was similar (disclosure of a similar set of FISA decisions), and even though the two provisions now sit side by side in the same subchapter of the United States Code.  *See* 50 U.S.C. §§ 1871, 1872. "Congress' choice of words is presumed to be deliberate," *University of Texas Southwestern Medical Center. v. Nassar*, 133 S. Ct. 2517, 2529 (2013).  Given that Congress clearly "knows how to," *Dole Food Co. v. Patrickson*, 538 U.S. 468, 476 (2003), add a retroactivity provision to a statute about the disclosure of certain FISC opinions "where [it] intends to" do so, *id.*, the "absence of this language" in the same subchapter "instructs [the Court] that Congress did not intend to," *id.*, have Section 402 be retroactive.

This "firm conclusion" is buttressed by the legislative history of Section 402 of the USA Freedom Act.  For example, an earlier bill presented to the Senate on June 11, 2013, would have required the same FISC decisions issued in the five years before enactment, and that are "required to be submitted to committees of Congress" under 50 U.S.C. § 1871(c)(2), to be declassified "not later than 180 days after" enactment.  *See* 113th Cong., 1st Sess. S. 1130 § 4(a)(1)(i)(2)(B).  That provision, which was intended to have a similar retroactive effect as 50 U.S.C. § 1871(c)(2), was not included in Section 402 of the USA Freedom Act of 2015.

Based both on a comparison of Section 402 with a similar provision in the same subchapter, as well as a review of the legislative history of Section 402, the Court can draw the "firm conclusion" that the provision was not intended to apply retroactively.  And if the Court finds that Congress has prescribed the statute's reach in this manner, "the inquiry is over." *All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d at 9.  Then "there is no need to resort" to

the presumption against retroactivity in the second step of the retroactivity analysis.  *See*

*Landgraf*, 511 U.S. at 280.[3]

The second step in the two-step retroactivity analysis applies only if the Court cannot

determine Congress' specific intent regarding the provision's temporal reach.  In that case, the

Court applies the presumption against retroactivity and asks whether applying the statute would

"have a retroactive consequence in the disfavored sense," *Fernandez-Vargas*, 548 U.S. at 37, of

"impos[ing] new duties" on a party with respect to "events completed before its enactment."

*Landgraf*, 511 U.S. at 270, 280.  If so, then the Court applies the "presumption against

retroactivity by construing the statute as inapplicable to the event or act in question owing to the

'absence of a clear indication from Congress that it intended such a result.'"  *Fernandez-Vargas*,

548 U.S. at 37-38 (citation and alterations omitted); *see also Vartelas v. Holder*, 132 S. Ct. 1479,

1491 (2012) ("The operative presumption . . . is that Congress intends its laws to govern

prospectively only.").[4]

---

[3]  This reading of Section 402 as non-retroactive is consistent with that held by the Privacy & Civil Liberties Oversight Board ("PCLOB"), which issued a Recommendations Assessment Report earlier today.  *See* PCLOB, Recommendations Assessment Report (Feb. 5, 2016) ("PCLOB Report"), https://www.pclob.gov/library/Recommendations_Assessment_Report_20160205.pdf.  There, the PCLOB reported that "the USA FREEDOM Act now requires that the government will conduct declassification review of *each new* decision of the FISC and FISCR" that meet the statutory criteria of Section 402.  *See id.* at 8 (emphasis added).  Additionally, while Section 402 does not require the declassification of prior decisions as a matter of law, the PCLOB notes that the "Intelligence Community has continued to declassify and release previously issued FISC decisions and related materials over the past year" and post them on the Intelligence Community's website, IC on the Record.  *See id.* at 9.  The Intelligence Community "will continue to conduct declassification reviews of both older and more recent opinions."  *Id.*

[4]  As the Supreme Court has noted, "the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic."  *Landgraf*, 511 U.S. at 265.  Indeed, "the principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal."  *Id.*

12

Here, applying Section 402 of the USA Freedom Act of 2015 to the Section 1809 Opinion at issue would have a "disfavored" "retroactive consequence." *Fernandez-Vargas*, 548 U.S. at 37.  Specifically, a requirement that the Government now review all FISC Opinions issued since 1978, when FISA was enacted, to include the Section 1809 opinion at issue here, in order to ensure that it is in compliance with the new declassification provisions of Section 402 would impose a new, burdensome obligation on the Government in relation to "events completed before its enactment." *Vartelas*, 132 S. Ct. at 1491; *see also* Pl. Mot. at 6 ("new statute places affirmative obligations on the government").  The relevant "events," *Vartelas*, 132 S. Ct. at 1491, "completed act[s]," or "predicate action[s]," *Fernandez-Vargas*, 548 U.S. at 44, here are the FISC's issuance of its opinions.  At the time the FISC issued its Section 1809 Opinion, the Government was under an obligation to submit certain FISC opinions to specific committees in Congress.  *See* 50 U.S.C. § 1871(c)(2).  The Government was not, however, under a duty or obligation at that time to comply with Section 402's declassification provisions, *see* Pl. Mot. at 2 (recognizing that Section 402 "imposes a new transparency obligation").  Requiring the Government to declassify such opinions now would amount to the imposition of a new legal obligation.

Section 402 contains no "clear indication from Congress that it intended" to disrupt settled expectations in this manner.  *Fernandez-Vargas*, 548 U.S. at 38.  Neither the Government, which litigated *ex parte* before the FISC, nor the FISC, which wrote the classified opinions based on the Government's classified arguments, would have expected that FISC decisions about intelligence-gathering programs with highly classified operative details would be

statutorily subject to public disclosure, even in redacted form.[5]  These expectations have, of course, changed regarding the issuance of FISC opinions since the enactment of Section 402.  Now, FISC judges may carefully write opinions so as to avoid classified information entirely, thus allowing the unredacted publication of certain of its rulings.  *See, e.g.*, *In re Applications of the Federal Bureau of Investigation for Orders Requiring the Production of Tangible Things*, Memorandum Opinion Dkt. Nos. BR 15-77, 15-78, *available at*

http://www.fisc.uscourts.gov/sites/default/files/BR%2015-77%2015-78%20Memorandum%20Opinion.pdf.  But such changes only confirm that Section 402 should not be interpreted to produce the disruption that would result from statutorily requiring the declassification review of FISC opinions that arose in the context of different disclosure obligations.  *Cf. Vartelas*, 132 S. Ct. at 1491 ("Although not a necessary predicate for invoking the antiretroactivity principle, the likelihood of reliance on prior law strengthens the case for reading a newly enacted law prospectively.").

Accordingly, because Plaintiff has failed to show—indeed failed to even mention—how Section 402 could apply to the Section 1809 FISC Opinion when the opinion was issued years before the statute's enactment, Plaintiff has not shown that "vacating the judgment will" be anything other than "an empty exercise or a futile gesture."  *Murray*, 52 F.3d at 355.  For this reason alone, the Court may deny Plaintiff's Rule 60(b) motion.

### D.  Even if Plaintiff Could Satisfy Rule 60(b)'s Threshold Requirement, Plaintiff Has Not Satisfied the Standard for Granting a Rule 60(b)(1) Motion.

The Rule 60(b)(1) analysis must begin with the recognition that Plaintiff was fully aware of Section 402, had the opportunity to raise arguments about its applicability for nearly five

---

[5]  *See* PCLOB Report at 8 (noting that these "older FISC opinions [were] drafted without [the] expectation of public release").

months before the Court entered judgment for Defendant, and chose to remain silent.  Plaintiff

seeks relief on the grounds that it was "excusable neglect" for it to keep quiet in these

circumstances.  That relief should be denied.

Whether Plaintiff's "neglect" is "excusable" is, "at bottom[,] an equitable" question and

"all relevant circumstances surrounding the party's omission" should be taken into "account."

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).  These

circumstances include [1] "the reason for the delay, including whether it was within the

reasonable control of" Plaintiff"; [2] "the length of the delay and its potential impact on judicial

proceedings"; [3] whether Plaintiff "acted in good faith"; and [4] "the danger of prejudice to"

Defendant.  *Id.*; *FG Hemisphere Assocs., LLC*, 447 F.3d at 838 (the *Pioneer* "test governs our

determination under Rule 60(b)(1)").

The circumstances of this case show that Plaintiff's neglect was not "excusable."  First,

Plaintiff clearly had control over the events leading to the delay, and thus this *Pioneer* factor

favors denial of Plaintiff's Rule 60(b)(1) motion.  Courts have found that this factor is "perhaps

the most important single factor" in the Rule 60(b)(1) analysis.  *Riley v. BMO Harris Bank, N.A.*,

___ F. Supp. 3d ___, 2015 WL 4484106, at *6 (D.D.C. July 22, 2015); *Jarvis v. Parker*, 13 F.

Supp. 3d 74, 78 (D.D.C. 2014) (same); *see also Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3

(D.D.C. 2003) (this is "the key factor").

Plaintiff tries to explain its previous silence by asserting that it failed to raise the issue

before "based on its mistaken-but-good-faith belief that the government would declassify and

release" the Section 1809 Opinion pursuant to Section 402 of the USA Freedom Act of 2015 "on

or around the 180-day transition period deadline," Pl. Mot. at 6, which ended on November 29,

2015.  *Id.* at 4.  Plaintiff recognizes, however, that Section 402 does not, unlike two other

15

provisions of the statute, contain a transition period at all. *Id.* Instead, Plaintiff says it "believed the 180-day transition period would function as a similarly significant deadline for purposes of declassification" based "in part . . . on communications members of its staff had with members of the executive branch" and based on its recognition that the "declassification process can be complex and time-consuming." *Id.*

This is not enough to make Plaintiff's silence excusable. As an initial matter, Plaintiff does not identify the members of its staff who it asserts communicated with the Government, nor does it identify the "executive branch officials" with whom Plaintiff's staff members communicated. *See* Declaration of David L. Sobel ("Sobel Decl."), ECF No. 26-1, ¶ 6. Nor does Plaintiff tell us when these discussions occurred, other than after passage of the Act. If, for example, such discussions all occurred after the Court issued its order, then that fact is of no help to Plaintiff here. Nor, beyond stating vaguely that these apparent communications involved "discussions about the declassification process and its estimated completion," *id.*, does Plaintiff describe the content of those putative communications. For example, Plaintiff does not proffer that these "executive branch officials" had authority to bind the government in litigation, or that they explained that Section 402 would be construed to apply retroactively to FISC opinions issued years before the statute's enactment, including the Section 1809 Opinion, or that there was no need for Plaintiff to raise the issue with the Court.

But even if everything Plaintiff claims is true, Plaintiff could have—yet did not—bring the enactment of Section 402 to the Court's attention and then either brief the issue or ask the Court to postpone briefing or ruling on the summary judgment motions until the transition period (that did not exist) ended. Plaintiff was the party with the incentive to raise this statutory argument because—under Plaintiff's reading of that provision—any decision by the Court could

be rendered moot within weeks by the forthcoming declassification of the Section 1809 Opinion. *See Riley*, 2015 WL 4484106, at *6 (finding that the "cause of the delay" was "Plaintiff's decision" where it was the party that "had an incentive to raise the argument").

Plaintiff made the litigation choice not to take that judicially economical step.  And it must live with that choice.  The Court of Appeals has consistently held that "Rule 60(b) cannot . . . be employed simply to rescue a litigant from strategic choices that later turn out to be improvident."  *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980); *see also United States v. 8 Gilcrease Lane, Quincy, Florida, 32351*, 638 F.3d 297, 301 (D.C. Cir. 2011) (noting that the Court of Appeals has "emphasized" this point "several times" and that its "teaching has guided much of [its] Rule 60(b) caselaw").  Otherwise, Rule 60(b)(1) would be used to make the type of tardy argument Plaintiff wants to make here.

Second, the *Pioneer* factor addressing the length of the delay and its impact on the proceedings favors denial here, too.  Plaintiff acknowledges (as it must) that it was aware of "the new law and the law's declassification requirements," Pl. Mot. at 6, during this litigation. Indeed, Plaintiff acknowledges that it "participated in the public debate on [the] USA Freedom [Act] throughout the legislative process," Sobel Decl. ¶ 4, that took two years, *see* 161 Cong. Rec. S3439, S3442 & S3443 (June 2, 2015) (daily ed.) (statement of Sen. Leahy).

But even if the delay is considered to be seven months, instead of from the inception of this suit,[6] courts have found a delay of this length "significant," particularly where, as here, the movant was aware of the issue throughout that time.  *See Riley*, 2015 WL 4484106, at *6 (finding a "six-month delay" "significant in light of the fact that Plaintiff's counsel was

---

[6]  *See* Cong. Rec. H4707, H4709 (daily ed. May 21, 2014) (statement of Rep. Jackson Lee) (declassification provision in bill pending at time FOIA suit filed); 113th Cong., 1st Sess. S. 1130 (June 11, 2013) (bill pending in the Senate requiring declassification of certain FISC opinions nearly a year before suit filed).

17

apparently aware of" the issue); *16 Cobalt LLC v. Harrison Career Inst.*, 2007 WL 6688939, at

*8 (D.D.C. Mar. 28, 2007) ("seven month[]" delay).

      This delay has impacted and will impact these proceedings.  Plaintiff never once brought

the matter to the Court's attention while the parties briefed the issue of whether the Government

could withhold in full the Section 1809 Opinion.  The Court then "expended considerable time

and resources," *16 Cobalt LLC*, 2007 WL 6688939, at *8, in reading the briefs and classified and

unclassified declarations as well as in drafting its Opinion, which is to be published.  *See EFF v.

DOJ*, ___ F. Supp. 3d ___, 2015 WL 6673743 (D.D.C. Oct. 30, 2015).  Now, Plaintiff basically

suggests none of that was necessary, and that summary judgment must be re-litigated in light of a

statutory provision it knew about all along.  Also, entertaining Plaintiff's tardy legal argument

now will continue to impact and delay these proceedings unless the Court simply denies this

Rule 60(b) motion.  Further delay is inherent in Plaintiff's proffered course of awaiting a remand

from the Court of Appeals, deciding the Rule 60(b) motion, and then (once again) deciding the

parties' subsequent summary judgment motions.

      The third and fourth factors of the Rule 60(b)(1) analysis—prejudice to the non-movant

and good faith of the movant—are less important under these circumstances.  Where, as here, the

"choice was within Plaintiff's control and caused a significant delay, the Court shall not rescue

Plaintiff even if that choice was not taken in bad faith."  *Riley*, 2015 WL 4484106, at *6; *see also

Jarvis*, 13 F. Supp. 3d at 78-80 (finding no "excusable neglect" where there was no prejudice to

the non-movant, no lengthy delay, and "no reason to believe that [the movant's] counsel acted in

bad faith").

      For these reasons, Plaintiff has failed to demonstrate that it is entitled to relief under Rule

60(b)(1).

**E.  Plaintiff Has Not Satisfied the Very High Bar for Granting a Rule 60(b)(6) Motion.**

Plaintiff devotes a mere three sentences in a footnote to arguing, in the alternative, that "this Court should grant [Plaintiff's] motion under Rule 60(b)(6), which permits the amendment of a judgment for 'any other reason that justifies relief.'"  Pl. Mot. at 7 n.2 (quoting Rule 60(b)(6)).  The Court "need not consider cursory arguments made only in a footnote," *Alsawam v. Obama*, 864 F. Supp. 2d 1, 5 (D.D.C. 2012), but, if it does, it should give Plaintiff's argument the same equally short shrift Plaintiff gave it.

Rule 60(b)(6) gives a district court "broad latitude to relieve a party from judgment" for reasons not specified in Rule 60(b)(1) or any of the other subsections.  *See Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995).  But that "latitude 'should only be sparingly used,'" *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 70 (D.D.C. 2008) (quoting *Good Luck Nursing Home*, 636 F.2d at 577), such that relief under Rule 60(b)(6) should be granted only where there are "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535.  "In short, [Plaintiff] must clear a very high bar to obtain relief under Rule 60(b)(6)." *Kramer*, 481 F.3d at 792.

Plaintiff argues that "reconsideration under rule 60(b) is proper, even if the initial omission was 'inexcusable,'" "where a party timely raises an issue 'so central to the litigation that it shows the initial judgment to have been manifestly unjust.'"  Pl. Mot. at 7 n.2 (quoting *Good Luck Nursing Home, Inc.*, 636 F.2d at 577 and citing *Gray v. Estelle*, 574 F.2d 209, 214-15 (5th Cir. 1978)).  The problems with this argument are threefold.  First, the *Good Luck Nursing Home* and *Gray* cases involved "previously undisclosed" *facts* and not, as here, a previously unarticulated legal theory supporting Plaintiff's partial summary judgment.  Plaintiff has pointed to no case law where Rule 60(b)(6) relieved a movant from judgment when the movant

knowingly chose not to raise a legal theory to support its case prior to the entry of final judgment.

Second, even if Plaintiff's newfound legal theory were construed as a statutory "fact" requiring the declassification of the Section 1809 Opinion, this does not help Plaintiff. "[A] party that . . . has not presented *known* facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Good Luck Nursing Home, Inc.*, 636 F.2d at 577 (emphasis added). And, as Defendant explained above, *see supra*, at 17, Plaintiff cannot show that its failure was anything other than a strategic choice it now regrets. Courts will not "rescue" a litigant from an improvident "litigation choice" because "Rule 60(b)(6) is not an opportunity for unsuccessful litigants to take a mulligan." *Kramer*, 481 F.3d at 792; *see also Ackermann v. United States*, 340 U.S. 193, 198 (1950) (A movant may not obtain relief under Rule 60(b)(6) from "free, calculated, [and] deliberate choices"). It is thus not "manifestly unjust" to deny Plaintiff a chance to belatedly make its new argument after judgment already has been entered.

Third, Plaintiff's reliance on the *Good Luck Nursing Home* case may be misplaced to the extent that the Court of Appeals there found that a movant's "inexcusable" failure to present a known fact to the Court, even when "central to the litigation," could be grounds for a Rule 60(b)(6) motion, *see Good Luck Nursing Home, Inc.*, 636 F.2d at 577. That proposition appears in tension with subsequent Supreme Court precedent. In *Pioneer Investment Services Company*, 507 U.S. at 393, the Supreme Court stated that, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is *faultless* in the delay." *Id.* (emphasis added). "If a party is partly to blame," the Supreme Court continued, "relief must be

sought . . . under subsection (1) and the party's neglect must be excusable." *Id.*[7] As Defendant

has already shown, Plaintiff was to blame for failing to make a legal argument that would (if

Plaintiff were correct) have precluded the Government from withholding in full the Section 1809

Opinion and would have precluded the Court from finding such a withholding was legally

appropriate.

For these reasons, Plaintiff has not shown that it can clear the "very high bar" set for Rule

60(b)(6) motions.

## IV.    CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion for

reconsideration of the Court's order granting the Government's summary judgment motion and

denying Plaintiff's partial summary judgment motion.

---

[7] Application of this "faultless" requirement from *Pioneer* in Rule 60(b)(6) cases does
not appear to be uniform in this Circuit.  On one hand, numerous district court decisions have
applied this requirement since the Supreme Court decided *Pioneer Investment Services
Company*, *see, e.g.*, *Lightfoot*, 555 F. Supp. 2d at 71-72 (collecting cases showing that "[l]egal
authority has made the fault/no fault distinction the controlling factor in determining whether
extraordinary circumstances exist" in Rule 60(b)(6) cases); *see also Stovell v. James*, 849 F.
Supp. 2d 43, 45-46 (D.D.C. 2012); *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011); *Canales
v. A.H.R.E., Inc.*, 254 F.R.D. 1, 13 (D.D.C. 2008).  On the other hand, a Court of Appeals
decision—without reference to *Pioneer*—found a Rule 60(b)(6) motion proper in a case where
the newly presented fact had apparently been known to the litigant prior to judgment.  *See
Computer Prof'ls for Soc. Responsibility*, 72 F.3d at 903.

Dated: February 5, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Rodney Patton*
RODNEY PATTON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7320
Washington, D.C.  20044
Phone: (202) 305-7919
Fax:     (202) 616-8470
E-mail:  rodney.patton@usdoj.gov

Counsel for Defendant